### ROSS v. SALMINEN.

(Circuit Court of Appeals, First Circuit. November 29, 1911.)

#### No. 946.

1. EVIDENCE (§ 222*)—ADMISSIONS—ORAL STATEMENTS OF A PARTY ADMISSIBLE, THOUGH FACTS NOT WITHIN HIS PERSONAL KNOWLEDGE.

Where defendant, charged with liability for an injury to plaintiff, caused by his automobile, stated to plaintiff's representative that the car was his, and was being operated at the time in his behalf, such statement was admissible in evidence against him, whether or not he spoke of his own knowledge of the facts.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 768–808; Dec. Dig. § 222.*]

2. EVIDENCE (§ 205*)—PROOF OF CONVERSATION THROUGH INTERPRETER.

The testimony of a witness to a conversation held with another through an interpreter is admissible, without the evidence of the interpreter.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 700; Dec. Dig. § 205.*]

In Error to the Circuit Court of the United States for the District of Massachusetts.

Action by Susanna Salminen against James Ross. Judgment (185 Fed. 997) for plaintiff, and defendant brings error. Affirmed.

William A. Thibodeau (Thibodeau & Ellsworth, on the brief), for plaintiff in error.

William A. Pew, Jr., for defendant in error.

Before COLT and PUTNAM, Circuit Judges, and ALDRICH, District Judge.

PUTNAM, Circuit Judge. This was a suit for an injury by an automobile owned by the defendant. The verdict was for the plaintiff, and the defendant below sued out this writ of error. We will continue to call the parties plaintiff and defendant.

The plaintiff testified that she was riding in a wagon and the automobile came up behind and collided with her wagon; so there was sufficient to go to the jury on the question of negligence on the part of whoever was operating the automobile. As to the ownership of the automobile by the defendant, and as to whether or not it was being operated in his behalf, the defendant claimed there was no proper evidence, and moved the court to direct a verdict in his behalf, which motion was refused.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] It must be admitted that the record is in some confusion as to what really occurred; but, rejecting everything else, we are satisfied that the following evidence was in the record, and was never stricken out, as claimed by the defendant, but stood throughout the trial. On an interview with the plaintiff's representative the defendant said:

"A. I am liable for the accident. It was my automobile. I am not trying to dodge the responsibility. He said that his automobile was a new or comparatively new one, and his son and a man named Connor took it out to run it and find some defect that was in the automobile. They were coming along Mechanic street, and they were both listening for a defect."

If the facts were as thus stated by the defendant, there could be no question as to the ownership of the automobile, or as to the fact of its being operated in his behalf, or of the further fact that, in connection with the negligence which we have stated, the court could not properly take the case from the jury. It is claimed, however, that the statement was made by the defendant as a matter not within his own knowledge. The admission of the statement, however, is in conformity with universal practice; and it is enough to say that, when a person charged as a defendant makes a statement under circumstances like those at bar, whether of his own knowledge or not, it is for him to ascertain the facts, and he makes himself responsible for what he says in reference thereto.

[2] The only other question we need consider is the objection to the testimony of the physician as to the sufferings of the plaintiff. It seems that the plaintiff did not speak the English language, and the physician did not understand her language. The physician testified that he examined the plaintiff through an interpreter, and that no other person was present, and that his examination consisted of questioning her about the diseases in her family, her previous health, her account of her injury, and all her pains from the time of the injury, and that he also made a physical diagnosis. He further testified that his opinion was based partly upon the story given him by the interpreter, and partly upon the diagnosis made by him. This was seasonably objected to, unless the plaintiff intended to produce the interpreter in court, and thus make complete connection with what occurred. It appears that the interpreter was in New York, and could not be produced. Thereupon the defendant's objection to the testimony was overruled, and he seasonably excepted. This, however, is the only sensible and practicable way of introducing a conversation conducted through an interpreter under circumstances of this character; and the practice is in favor of its admission. Greenleaf's Evidence, § 183, and Chase's Stephen's Evidence (2d Ed.) note to page 73.

The judgment of the Circuit Court is affirmed, with interest and costs.