## TEXAS & PACIFIC RAILWAY COMPANY
### v. HOWELL.

### ERROR TO THE CIRCUIT COURT OF APPEALS FOR THE FIFTH CIRCUIT.

No. 947.   Submitted April 22, 1912.—Decided May 13, 1912.

Where the basis for review by this court has no bearing on the questions raised, but is simply plaintiff in error's charter from the United States, this court goes no further than to inquire whether plain error is made out.

In this case *held*, that there was no assumption of risk on the part of an employé working under a coal chute who was struck by a piece of timber falling from above him where other men had been put to work; even if the employé had knowledge of such overhead work, the duty of the employer to provide a reasonably safe place to work remained.

Where the injury actually caused the disease, the injured party may recover even if the disease does not immediately develop; and in this case *held*, that the jury were warranted in finding that Potts disease with which defendant in error was afflicted was the direct cause of the injury, although it did not develop for over a year.

THE facts, which involve the liability of an employer for injury to an employé, are stated in the opinion.

*Mr. William L. Hall* for plaintiff in error:

The plaintiff below failed to make out a case of negligence on the part of the railroad company, and the jury should have been so instructed.

That portion of the evidence raising a question as to whether the defendant was entitled to peremptory instruction is practically without contradiction.

Temporary imperfections incident to a repair are not within the general rule.   Bishop's Non-contract Law, § 649; *Koatz* v. *Chicago R. R.*, 65 Iowa, 224.

The mere happening of the accident did not raise a presumption of negligence. There is no liability in the case unless the railway company was negligent, and the burden was on plaintiff to show negligence. The facts are undisputed that while Howell was doing the work below and his fellow servants were doing the work above, a piece of plank slivered off and fell and struck Howell. The mere happening of this unexpected result cannot be said to condemn the method or plan of the work, without further evidence. If there was no negligence shown on the part of the defendant, the plaintiff assumed the risk and the consequences. *Patton* v. *T. & P. Ry.*, 179 U. S. 658; *H. & T. C. Ry.* v. *Alexander*, 132 S. W. Rep. 119.

The rule requiring a railroad company to furnish a safe place for its employés to work has no application to a case where laborers are sent to repair a defective structure such as a coal chute.

The rule is not applicable to cases in which the very work which the servants are employed to do is of such a nature that its progress is constantly changing the conditions as regards an increase or diminution of safety. Labatt on Master and Servant, § 269.

For instances of this general exception to the "safe place " rule see *Schneider* v. *Quartz Co.*, 220 Pa. St. 548, 69 Atl. Rep. 1035; *C., C., C. & St. L. Ry.* v. *Brown*, 20 C. C. A. 147, 73 Fed. Rep. 970. See, also, *American Bridge Co.* v. *Seeds*, 75 C. C. A. 407, 144 Fed. Rep. 605; *Fortin* v. *Manville Co.*, 128 Fed. Rep. 642; *Montgomery* v. *Robertson*, 229 Illinois, 466, 82 N. E. Rep. 396; *Bedford Quarries Co.* v. *Bough*, 80 N. E. Rep. 529; *Mehan* v. *Railway*, 90 S. W. Rep. 119.

The rule does not apply where the place is undergoing a change by the very work the servants are performing. *G., C. & S. F. Ry.* v. *Jackson*, 65 Fed. Rep. 48; *Moore* v. *Railway*, 31 Atl. Rep. 734.

The safe place rule does not apply in construction

work on buildings; *Richardson* v. *Provision Co.*, 72 Ill. App. 77; *McNeil* v. *Bottsford-Dickinson Co.*, 112 N. Y. Supp. 867; nor in the demolition of a building; *Clark* v. *Liston*, 54 Ill. App. 578; *Kreigh* v. *Westinghouse*, 152 Fed. Rep. 120; *McElwaine-Richards Co.* v. *Wall*, 166 Indiana, 267; *Armour* v. *Hahn*, 111 U. S. 313; *Texas, Armour & Co.* v. *Dumas*, 95 S. W. Rep. 710; *Allen* v. *Ry. Co.* (Texas), 37 S. W. Rep. 171; *Walton* v. *Hotel Co.*, 160 Pa. St. 3; *Clancy* v. *Constr. Co.*, 50 N. Y. Supp. 800; *Walaszewski* v. *Schoknecht*, 120 Wisconsin, 376; 2 Bailey, "Personal Injuries Relating to Master and Servant," Vol. 2, §§ 2993, 3001, and 3022; Dresser's Employer's Liability, 535; *Moon-Anchor Gold Mines* v. *Hopkins*, 111 Fed. Rep. 303; *Finlayson* v. *Milling Co.*, 67 Fed. Rep. 507; *Railway* v. *Jackson*, 65 Fed. Rep. 48; *Railway Co.* v. *Brown*, 73 Fed. Rep. 970.

The employé engaged in making the necessary repairs, or engaged in moving a broken car or engine in order that the same may be repaired, assumes the ordinary risk of danger incident thereto. *Southern Ry. Co.* v. *Lyons*, 169 Fed. Rep. 560; citing *Railroad* v. *Mayo*, 14 Tex. Civ. App. 253; *Railway* v. *O'Hare*, 64 Texas, 603; *Watson* v. *Railway*, 85 Texas, 438; *Florence Railroad* v. *Whipps*, 138 Fed. Rep. 13.

The plaintiff assumed the risk of planks falling from the floor above on to him if he knew the other servants were at work tearing up the floor over him.

It was not negligent for the employer to send men up on to the staging of the coal chute if it be true that no harm would result if the men above carefully performed their work.

The Potts disease of the spine with which the plaintiff is now suffering is too remote a consequence to be chargeable against the defendant as the result of the injury he received. *Crane Elevator Co.* v. *Lippert*, 63 Fed. Rep. 942, can be distinguished.

While Potts disease may not in some cases be such a

direct result of an injury as to be the basis of a recovery, in this case the result is too remote from the injury and too many circumstances have intervened to allow us to look to his present condition.

At common law death must ensue within one year from the injury to make the injury the legal cause of the death.

*Mr. S. P. Jones* for defendant in error:

The trial court did not err in refusing to direct a verdict in favor of the railway company, in that the evidence was sufficient to justify the jury in finding that the railway company was guilty of negligence which was the proximate and direct cause of the injury to plaintiff below. *Baltimore & Ohio Ry. Co.* v. *Baugh,* 149 U. S. 386; *Mather* v. *Rillston,* 156 U. S. 398; *T. & P. Ry. Co.* v. *Archibald,* 170 U. S. 672; *Choctaw, Oklahoma & Gulf Ry.* v. *McDade,* 191 U. S. 68; *Northern Pacific Ry.* v. *Babcock,* 154 U. S. 190; *Northwestern Fuel Co.* v. *Danielson,* 6 C. C. A. 636; *Chicago Housewrecking Co.* v. *Birney,* 54 C. C. A. 458; *National Steel Co.* v. *Lowe,* 62 C. C. A. 229; 4 Thompson on Negligence, §§ 3809, 3814; 1 Shearman & Redfield, §§ 185*b,* 194.

The trial court did not err in refusing to charge that the plaintiff assumed the risk of planks falling from the floor above him if he knew that the other servants were at work tearing up the floor over him.

The trial judge correctly instructed the jury that plaintiff below, in accepting employment, assumed the risks which were ordinarily incident to that employment, but did not assume risks that were the result of the negligence of the railway company; and that if he was injured by reason of one of the risks ordinarily incident to the employment, that he could not recover. *Northwestern Fuel Co.* v. *Danielson,* 6 C. C. A. 636; *Mather* v. *Rillston,* 156 U. S. 398; *Choctaw, Oklahoma & Gulf Ry.* v. *McDade,* 191

U. S. 68; 1 Sherman & Redfield, § 185*b; Chicago House-wrecking Co.* v. *Birney,* 54 C. C. A. 458; see also Texas Assumed Risk Statute. Gen. Laws, 29th Leg., 1905, p. 386.

The trial court correctly authorized a recovery for the injury and suffering brought about by "Potts disease" in the event the jury should find that the same was the direct and proximate result of the injury. *M. & St. P. Ry. Co.* v. *Kellogg,* 94 U. S. 469; *Travelers' Insurance Co. of Hartford* v. *Melich,* 65 Fed. Rep. 178, 12 C. C. A. 544; *Crane Elevator Co.* v. *Lippert,* 63 Fed. Rep. 942, 11 C. C. A. 521; 13 Cyc., pp. 30–31; 15 Century Digest, Title "Damages," §§ 41–43; *H. & T. C. Ry.* v. *Leslie,* 57 Texas, 83.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action for personal injuries done to the plaintiff, the defendant in error, Howell, while in the employ of the Railway Company. The plaintiff had a verdict and judgment, subject to exceptions, and the judgment was affirmed without discussion by the Circuit Court of Appeals. The material facts can be stated in a few words. The plaintiff was set to digging a hole for a post under a coal chute. While he was at work the defendant put other men to removing certain timbers and planks from the floor twelve feet or so above him, without his knowledge, as he contends, and a piece of timber fell and struck the plaintiff on the head. The plaintiff now is suffering from tuberculosis of the spine, in consequence, as he says, of the blow. The defendant asked the court to direct a verdict, and also to instruct the jury that if the plaintiff knew that other servants were tearing up the floor above him he took the risk, that if no harm would have resulted but for the negligence of those other servants the defendant was not liable, and that the plaintiff's present disease of the spine was too remote from the blow to be attributed to it as a result.

The case was left to the jury with instructions that if the injury was due to negligence of the defendant in sending men to work above the plaintiff, as a contributing cause, the defendant was liable, but not if it was due only to the negligence of fellow-servants in their way of performing their work. The question also was left to the jury whether the disease was the direct consequence of the blow.

The case was begun in the state court and was removed to the Circuit Court, and is brought here, solely on the ground that the plaintiff in error has a charter from the United States. But for that accident, which has no bearing upon the questions raised, the case would stop with the Circuit Court of Appeals. Under such circumstances we go no further than to inquire whether plain error is made out. *Chicago Junction Railway Co.* v. *King*, 222 U. S. 222. We find nothing that requires us to reverse the judgment. It was open to the jury to find that the usual duty to take reasonable care to furnish a safe place to the plaintiff in his work remained. They well might be of opinion that the general nature of the things to be done gave no notice to the plaintiff that he was asked to take a necessary risk. At the same time they were warranted in saying that if the defendant saw fit to do the work above and below at the same time it did so with notice of the danger to those underneath and took chances that could not be attributed wholly to the hand through which the harm happened. Even if Howell knew that repairs were going on overhead that did not necessarily put him on an equality with his employer, and require a ruling that he took the risk. *Kreigh* v. *Westinghouse, Church, Kerr & Co.*, 214 U. S. 249.

The plaintiff was injured on March 3, 1908. There was ample evidence that the blow occasioned the development of his disease, although it was not discovered to be the Potts disease, as it is called, for over a year.

But it is argued that if such a disease is due to the presence of tubercular germs in a man's system before the accident the defendant ought not to be required to pay more than it would to a normal man. On this point also we are of opinion that the jury were warranted in finding that the disease was the direct result of the injury, as they were required to, by the very conservative instructions to them, before holding the defendant to answer for it. *Crane Elevator Co.* v. *Lippert,* 63 Fed. Rep. 942. 11 C. C. A. 521. *Spade* v. *Lynn & Boston R. R. Co.,* 172 Massachusetts, 488, 491. *Smith* v. *London & South Western Ry. Co.,* L. R. 6 C. P. 14, 21.

*Judgment affirmed.*