ATLANTIC COAST LINE R. CO. v. THOMPSON.

(Circuit Court of Appeals, Fourth Circuit. February 3, 1914.)

No. 1189.

1. DAMAGES (§ 158*)—PERSONAL INJURIES—EVIDENCE—PLEADING.

Where a complaint alleged that by reason of defendant's negligence plaintiff seriously and permanently injured his leg and foot, causing a tumor to form on the inner side of the foot and the same to be deformed, and a supplemental complaint charged the amputation of the foot as a consequence of the injury, defendant having filed a general denial, evidence that the tumor was cancerous in its nature and would result fatally, though an effort had been made to arrest the cancer by amputation, was admissible.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 441–444; Dec. Dig. § 158.*]

2. APPEAL AND ERROR (§ 1039*)—RULINGS ON EVIDENCE—ISSUES—PREJUDICE.

Where, on a former trial, evidence had been offered of the fatal nature of plaintiff's injury, and it would have been impossible for defendant to offer any evidence against plaintiff's conclusive evidence that a cancer alleged to have resulted from the injury would cause death, defendant was not prejudiced by the admission of evidence of the fatal nature of the injury, though the complaint did not so allege.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4075–4088; Dec. Dig. § 1039.*]

3. DAMAGES (§ 185*)—PERSONAL INJURIES—RESULT—CANCER—QUESTION FOR JURY.

Where plaintiff claimed that cancer of the foot developed as the result of his injury, and there was direct evidence from attending physicians

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that, while the primary cause of cancer is unknown, the cause of its development is usually irritation, and in their opinion the cancerous condition of plaintiff's foot was due to the injury he had received, the jury were authorized to infer that the injury was the proximate cause of such condition.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 503–508; Dec. Dig. § 185.*]

4. COURTS (§ 356*)—NEW TRIAL—DENIAL—REVIEW.

Denial of a new trial in the exercise of discretion under the federal practice is not subject to reversal by writ of error except where it involves clear error of law which cannot be corrected by assignment of error for anything done in the course of the trial.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 937; Dec. Dig. § 356.*]

5. TRIAL (§ 149*)—QUESTIONS OF LAW AND FACT—SUBMISSION TO JURY—MOTION FOR NONSUIT—DIRECTED VERDICT.

An objection that there is no evidence to support an alleged cause of action must be made by a motion for nonsuit or request for a directed verdict, and a failure to take such course amounts to consent that the issue be submitted to the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 345; Dec. Dig. § 149.*]

In Error to the District Court of the United States for the Eastern District of South Carolina, at Columbia; Henry A. M. Smith, Judge.

Action by W. D. Sturgeon, revived after his death in the name of W. B. Thompson as executor, against the Atlantic Coast Line Railroad Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Douglas McKay, of Columbia, S. C. (Barron, Moore, Barron & McKay, of Columbia, S. C., P. A. Willcox, of Florence, S. C., and L. W. McLemore, of Sumter, S. C., on the brief), for plaintiff in error.

W. Boyd Evans, of Columbia, S. C., for defendant in error.

Before PRITCHARD, KNAPP, and WOODS, Circuit Judges.

WOODS, Circuit Judge. W. D. Sturgeon recovered a judgment for personal injuries against the Atlantic Coast Line Railroad Company in the District Court for the Eastern District of South Carolina. Afterwards Sturgeon died, and W. B. Thompson, executor of his will, was made a party to the cause as defendant in error. The errors assigned are in admitting testimony and giving instructions to the jury not responsive to the allegations of the complaint, and refusing to grant a motion for a new trial made on the ground that the verdict was not warranted by the evidence.

The complaint alleges that Sturgeon was a passenger on defendant's train from Sumter, S. C., to Orangeburg, S. C., that on arrival at Orangeburg as he was leaving the station with his two infant children in his arms he fell into a hole negligently left by the railroad company in its platform. The allegation as to the injury is that by the fall the plaintiff "seriously and permanently injured his leg and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

foot as follows: Causing his leg to be bruised and skinned and the ligaments of the foot to be torn and lacerated, and a tumor to form on the inner side of the .foot, and caused the said foot to become deformed, and the plaintiff now suffers from what is known as traumatic flat foot; that, by reason of the above-described injuries, the plaintiff has suffered and still suffers great pain; that his said foot has become deformed; and that he has been informed and believes that he will never be free from pain again, by reason of said accident."

By supplemental complaint amputation of the foot was alleged as a consequence of the injury. The answers admit the amputation, but deny the other allegations of the complaints.

[1] There was no error in allowing the plaintiff to introduce evidence tending to show that the tumor alleged to have been caused by the fall was cancerous in its nature and would result fatally, although the effort had been made to arrest the cancer by amputation. In view of the general denial of the allegation of the injury and of the existence of a tumor resulting therefrom serious enough to cause deformity, traumatic flat foot, and amputation of the foot, it was clearly competent for the plaintiff to show the malignant or cancerous nature of the malady in support of the allegation that the injury did produce the deformity and make amputation necessary. If it was essential to a proper defense that the defendant should know in advance the precise nature of the tumor mentioned, it should have asked that the complaint be made more definite and certain on that point.

The objection to the testimony that the tumor would be fatal is more serious, but its admission cannot be regarded error. It is true the complaint does not allege that the injury would be fatal, and proof that it would be so was no doubt an important factor in the jury's consideration of the damages to be awarded. But if the extreme illness of Sturgeon resulted directly from the injury, it was provable under the general allegation as to the nature of the injury. This rule was applied in Denver, etc., Railroad v. Harris, 122 U. S. 597, 7 Sup. Ct. 1286, 30 L. Ed. 1146, where the plaintiff in an action to recover for injuries inflicted upon him by the servants of the defendant was allowed to introduce evidence that the wounds received had deprived him of the power to have offspring, although the declaration did not specify such loss as a result of the injury. In Baltimore, etc., Railroad Co. v. Slanker, 180 Ill. 357, 54 N. E. 309, a case involving precisely the same issue as this, the plaintiff, a woman, under her declaration alleging that she had been injured upon her foot, head, and body, and that her flesh had been lacerated, was allowed to introduce evidence that as a result of the injury a tumor had developed necessitating amputation of the breast.

[2] Aside from this, the matter must be looked at in a practical way, and the real question is whether the defendant was surprised or put at a disadvantage in making its defense on the issue. An allegation in the complaint could have been of no benefit to the defendant except to give it notice that the plaintiff would offer evidence of the fatal nature of the injury. This notice was fully given by the evidence on the point which it was admitted at the argument had been

offered at a former trial of the cause. Besides, the record shows beyond all doubt that it would have been impossible for the railroad company to offer anything against the conclusive evidence that the cancer would result in death.

The only possible issues were: First, did Sturgeon fall into a hole negligently left by the railroad company on its platform and receive an injury from the fall; second, if he did, was the fall the proximate cause of the malignant tumor or cancer with which he was afflicted; third, if the fall was not the proximate cause of the malignant tumor or cancer and the disease was already present, to what extent, if at all, did it aggravate or accelerate the malady? These issues and the legal results which would follow the various conclusions which the jury might reach with respect to them were clearly stated in the charge.

[3] The railroad company assigns error in the submission of the second issue, contending that the only reasonable inference to be drawn from the testimony is that the cause of sarcoma is unknown. In the record there is direct evidence from attending physicians that, while the primary cause of cancer is unknown, the cause of its development is usually irritation, and that in their opinion the cancerous condition of Sturgeon's foot was due to the injury he had received. From this evidence it was not beyond reason for the jury to infer that the cancer developed because of the injury, and that in this direct sense the injury was the proximate cause. In Texas & Pacific R. Co. v. Howell, 224 U. S. 577, 32 Sup. Ct. 601, 56 L. Ed. 892, the court held that the jury was warranted in finding that tuberculosis of the spine had developed in the plaintiff as a direct result of his being struck by a piece of falling timber, although the accident happened a year before the disease appeared. Aside from this view, the railroad company cannot now make this question because it requested that the issue whether the injury was the cause of Sturgeon's condition be submitted to the jury.

[4] The last point made is that the district judge erred in refusing the motion for a new trial made on the ground that there was not sufficient evidence to support a finding that the railroad company was responsible for Sturgeon's sarcomatous condition. The well-known rule of federal practice derived from the common law is that the granting or refusing a new trial is in the discretion of the trial judge, and that his action is not reversible by writ of error. Newcomb v. Wood, 97 U. S. 583, 24 L. Ed. 1085. To this rule an exception has been allowed where the conclusion of the trial judge involved clear error of law which could not be corrected by assignment of error for anything done in the course of the trial: As in Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, 36 L. Ed. 917, where the trial judge refused to consider affidavits concerning the conduct of the jury; in San Jose Land, etc., Co. v. San Jose Ranch Co., 189 U. S. 177, 23 Sup. Ct. 487, 47 L. Ed. 765, and Chicago, etc., R. Co. v. Chicago, 166 U. S. 226, 17 Sup. Ct. 581, 41 L. Ed. 979, where the opinion of a state court refusing a new trial showed that the question was whether the plaintiff in error had brought himself within the scope of the fed-

eral Constitution or a federal statute on which it relied; in Coughlan v. District of Columbia, 106 U. S. 7, 1 Sup. Ct. 37, 27 L. Ed. 74, where the new trial was improperly granted after the expiration of the time allowed by law; in Felton v. Spiro, 78 Fed. 576, 24 C. C. A. 321, Ogden v. U. S., 112 Fed. 523, 50 C. C. A. 380, and Dwyer v. U. S., 170 Fed. 160, 95 C. C. A. 416, where the trial judge refused to exercise his discretion in such matters as deciding whether the verdict was against the great weight of the evidence. This case obviously falls within the general rule, not within the exception.

[5] But the assignment of error cannot be allowed for another reason. There was no motion for a nonsuit nor request for a directed verdict. The point that there is no evidence to support an alleged cause of action should be made by one or the other motion, and a failure to take such course must be taken as consent that the issue be submitted to the jury. Hartford Life Annuity Ins. Co. v. Unsell, 144 U. S. 439, 12 Sup. Ct. 671, 36 L. Ed. 496; Hansen v. Boyd, 161 U. S. 397, 16 Sup. Ct. 571, 40 L. Ed. 746; Keely v. Ophir Hill Consol. Mining Co., 169 Fed. 601, 95 C. C. A. 99.

In this instance the failure to make the request for a directed verdict was of no consequence, for, as we have indicated, there was material evidence to go to the jury on all the issues made.

Affirmed.