CINCINNATI, N. O. & T. P. RY. CO. v. THARP.

(Circuit Court of Appeals, Sixth Circuit.   June 30, 1915.)

No. 2639.

1. APPEAL AND ERROR ☞999—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVI-
DENCE TO SUSTAIN VERDICT.

The court, on writ of error to review a judgment for plaintiff, at-
tacked for insufficiency of the evidence to sustain the verdict, must view
the evidence most favorable to plaintiff and accept his version as true.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3912-
3921, 3923, 3924;  Dec. Dig. ☞999.]

2. NEGLIGENCE ☞136—PROXIMATE   CAUSE—CONTRIBUTORY   NEGLIGENCE—
QUESTION FOR JURY.

Where the testimony is conflicting, questions of proximate cause and
of contributory negligence are usually for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 277-353;  Dec.
Dig. ☞136.]

3. CARRIERS ☞320—INJURIES TO PASSENGERS—PROXIMATE CAUSE—QUESTION
FOR JURY.

Whether the conduct of the auditor, collecting tickets and fares, toward
a passenger about 14 years old, with a very limited experience in rail-
road travel, was the proximate cause of injury to the passenger, caused
by his jumping from the train as it approached his destination, *held*, un-
der the evidence, for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1118, 1126, 1149,
1153, 1160, 1167, 1179, 1190, 1217, 1233, 1244, 1248, 1315-1325;  Dec. Dig.
☞320.]

4. CARRIERS ☞347—INJURIES TO PASSENGERS—CONTRIBUTORY NEGLIGENCE—
QUESTION FOR JURY.

Whether a passenger about 14 years old, jumping from a train as it
approached his destination, was guilty of contributory negligence, *held*,
under the evidence, for the jury.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1346, 1350-
1386, 1388-1397, 1402;  Dec. Dig. ☞347.]

In Error to the District Court of the United States for the South-
ern Division of the Eastern District of Tennessee; Edward T. San-
ford, Judge.

Action by Jesse Tharp, by F. N. Tharp, as next friend, against the
Cincinnati, New Orleans & Texas Pacific Railway Company. There
was a judgment for plaintiff, and defendant brings error. Affirmed.

R. M. Jones, of Knoxville, Tenn., for plaintiff in error.

G. H. West, of Chattanooga, Tenn., for defendant in error.

Before WARRINGTON and DENISON, Circuit Judges, and SES-
SIONS, District Judge.

SESSIONS, District Judge. This action was brought in the circuit
court of Rhea county, Tenn., by the defendant in error (plaintiff)
against plaintiff in error (defendant), to recover damages for injuries
suffered by plaintiff while a passenger on one of defendant's trains
between the stations of Spring City and Dayton, Tenn. The case was
removed to the court below, where a trial resulted in verdict and

judgment in plaintiff's favor. At the close of all the evidence counsel for the railway company moved the court to direct a verdict in its favor upon the alleged grounds: (1) That the negligence of defendant was not the proximate cause of the injury sustained by plaintiff; and (2) that plaintiff was guilty of contributory negligence. The only error assigned and urged is upon the denial of the motion for a directed verdict. No exception was taken to the charge to the jury, and it is not contained in the present record.

[1] The testimony was very conflicting, but viewing it most favorably to plaintiff, and accepting his version of the affair as true, as we must upon this record, the material and essential. facts may be thus stated: At the time of his injury, plaintiff was a boy. between 14 and 15 years old, with a very limited knowledge of and experience in railroad travel. He then lived at Dayton, Tenn. On July 30, 1909, he accompanied a married sister from Dayton to Spring City upon a visit to another sister. Before leaving home in the morning, the boy's father gave him 80 cents. He had no other money. The regular fare between the two places, if a ticket was purchased, was 40 cents; but, if a ticket was not purchased, the cash fare on the train was 55 cents. A statute of Tennessee made it the duty of the railway company to keep its station office open for the sale of tickets at least one hour before and until the departure of each passenger train. In going to Spring City, plaintiff and his sister purchased tickets, paying 40 cents for each ticket. The trouble occurred on the return trip. Both before the arrival of the train and while it was standing at the station at Spring City, plaintiff and his sister at different times attempted to purchase tickets; but the agent was not in the office, and no tickets were or could be procured. Upon this particular train, one of defendant's auditors, and not the regular conductor, was collecting fares and tickets. The auditor first approached plaintiff's sister and asked for her fare. She handed him 40 cents and explained that she and her brother had been unable to procure tickets. The collector demanded extra fare, and, with some reluctance and hesitation, the sister paid 55 cents, which was all the money she had. When asked for his fare, plaintiff tendered the collector 40 cents, explained that he had no more money, and insisted that he ought not to be required to pay more than that amount. At first the collector refused to take the money offered him; but, after collecting fares from the other passengers upon the train, he came back and took the money, giving a receipt therefor, and telling the boy he must get off the train at Evansville—a station about six miles north of Dayton—or he would have to put him off. The auditor "talked rough" and was quite abusive to plaintiff and his sister. After the train had passed Evansville, the auditor again came to plaintiff, censured him for not getting off as directed, told him he was nothing but a "bum," threatened to put or kick him off the train and finally said he would take him to Chattanooga and "have him locked up" by the sheriff. He also threatened to kick the sister off the train if she interfered. The boy was crying and was very much frightened. At one time during the controversy he tried to raise the car window and

jump out, but was prevented from so doing by his sister. As the train reached Dayton, plaintiff went to the rear of the coach, and seeing the auditor following him, stepped out upon the rear platform, and, just as the train began to slow down, and when it was about 250 yards from the station, jumped off and was severely injured.

[2, 3] Under the evidence so stated most favorably to the plaintiff, was the trial court right in submitting to the jury for its decision the questions of the proximate cause of plaintiff's injuries and his own negligence? The answer is not difficult. A companion case to this one was brought by the father of this plaintiff against this defendant in the state court to recover damages for the loss of the services of this plaintiff resulting from the same injuries. At the trial of that case substantially the same evidence was introduced and the same questions were raised as in this one. The father recovered. Upon review, the judgment was affirmed by the Court of Civil Appeals of Tennessee, and later by the Supreme Court of that state. In a somewhat elaborate opinion, the Court of Civil Appeals overruled the contentions of defendant which are here repeated. The decision in that case is very persuasive and convincing in this one. Independently, however, of that decision, the action of the trial court was clearly right. Where the testimony is conflicting, questions relative to the proximate cause of injuries and to the contributory negligence of plaintiff must usually be determined by the jury. This plaintiff was not a trespasser and had committed no wrongful act. He was a passenger, and entitled to both protection and civility at the hands of the defendant's servants. According to his version, which the jury must have believed, he was very much frightened and was in a state almost of desperation. Because of the threats and abusive language of the auditor, who was in uniform and apparently in a position to carry his threats into execution, this boy became incapable of exercising either discretion or ordinary judgment. To him the danger of arrest and imprisonment in a strange city was real and very imminent. So great was his fear that he had once, in the presence of the auditor, tried to escape through the car window. Under such circumstances, can it be said as a matter of law that plaintiff's act in jumping from the train was so extraordinary and unnatural that it, or something like it, could not have been reasonably anticipated, or that the wrongful act of the railway company's servant was not a moving and contributing cause thereof, and thus at least one of the concurrent and direct causes of his injuries? Clearly not. If the testimony of defendant's witnesses is true, plaintiff's act in jumping from the train was the independent and intervening cause of his injuries. On the other hand, if the testimony of plaintiff and his sister is to be believed, his act was but one link in the chain of causation leading directly from the misconduct of the auditor to the injuries. The question thus presented was one of fact, and therefore for the jury. Texas & Pacific Ry. Co. v. Stewart, 228 U. S. 357, 33 Sup. Ct. 548, 57 L. Ed. 875; Texas & Pacific Ry. Co. v. Howell, 224 U. S. 577, 582, 583, 32 Sup. Ct. 601, 56 L. Ed. 892; Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S. 469, 474, 475, 24 L. Ed. 256; Munsey v. Webb,

231 U. S. 150, 34 Sup. Ct. 44, 58 L. Ed. 162; Hayes v. Railroad Co., 111 U. S. 228, 4 Sup. Ct. 369, 28 L. Ed. 410; Shugart v. A. K. & N. Ry. Co., 133 Fed. 505, 509, 510, 66 C. C. A. 379; McDonald v. Street Ry. Co., 74 Fed. 104, 20 C. C. A. 322; Erie R. Co. v. White, 187 Fed. 556, 109 C. C. A. 322; Hales v. M. C. R. Co., 200 Fed. 533, 537, 118 C. C. A. 627; Winters v. B. & O. R. Co., 177 Fed. 44, 50, 100 C. C. A. 462.

[4] The question of plaintiff's contributory negligence is of like character, and must be determined from the evidence and all the circumstances and conditions surrounding the accident. When the youth, inexperience, appearance, and mentality of the plaintiff, and his natural fear, apprehension, anxiety, and excitement, as well as the very conflicting testimony in the case, are all taken into consideration, it cannot be said that men of intelligence and sound judgment could not reasonably reach different conclusions as to whether plaintiff was guilty of negligence in jumping from the moving train. Thus tested this question was also for the jury. Warner v. B. & O. R. Co., 168 U. S. 339, 348, 18 Sup. Ct. 68, 42 L. Ed. 491, and cases there cited; Winters v. B. & O. R. Co., 177 Fed. 44, 100 C. C. A. 462; Wyman & Gordon Co. v. Poole, 200 Fed. 943, 119 C. C. A. 327.

The judgment of the District Court is affirmed, with costs.