LUCY E. WORK, RESPONDENT, v. PHILADELPHIA SUPPLY COMPANY, APPELLANT.

Argued June 21, 1920—Decided November 15, 1920.

1. The plaintiff was walking in a northerly direction, on the west side of a public road, on that part of the road principally used by pedestrians, on a side path. The automobile of the defendant was proceeding in a northerly direction, on the easterly side of the same public road, being the side opposite to that on which the plaintiff was walking. The automobile suddenly turned and slid across the road to the left, turned over in back of the plaintiff and fell upon her, causing injuries to the plaintiff. *Held*, contributory negligence and negligence of the defendant were jury questions. It was not error to refuse to nonsuit the plaintiff or direct a verdict in favor of the defendant.

2. A charge by the trial court that "each had a right to use the public highway * * * that the highway is for the use of all and that all persons have a right in the highway * * *. They must use all parts of the highway with due regard to others in a reasonably prudent and careful manner," is not error. The rule is, that each must exercise that degree of care and prudence which the conditions and circumstances demand and such as a prudent person would use.

3. A charge by the trial court that the plaintiff was entitled to recover "such reasonable outlay in the future as may be necessary to heal herself and her injuries," is not error.

On appeal from the Supreme Court.

For the appellant, *Norman Grey.*

For the respondent, *Ott & Carr.*

The opinion of the court was delivered by

BLACK, J. This is the defendant's appeal. The plaintiff recovered a verdict for damages in an action for personal injuries. The defendant attacks the judgment and argues under six heads in the brief that the judgment should be reversed, alleging trial errors.

We think there is no legal merit in any of them. The judgment should be affirmed. The legal questions involved do not call for any extended discussion. The first two errors alleged are the trial court's refusal to nonsuit the plaintiff, and direct a verdict in favor of the defendant. First, on the ground that the plaintiff had not proved any negligence on the part of the defendant; second, because the plaintiff was guilty of contributory negligence. A short statement of some of the vital testimony in this case, however, demonstrates that the rulings of the trial court, on these points, were not error.

The record shows the plaintiff was walking in a northerly direction, on the west side of Shell road, Carneys Point, just below Pennsgrove, New Jersey, on that part of the road principally used by pedestrians. The automobile of the defendant was likewise proceeding in a northerly direction on

the easterly side of Shell road, being the side opposite to that on which the plaintiff was walking.

The automobile suddenly turned to the left and slid across the road, turned over in back of the plaintiff and fell upon her, causing the injuries complained of. The plaintiff testified she was on a "side path," a "path for pedestrians," "it is a path, a dirt path." Manifestly, on this testimony, the trial court could not say as a matter of law that the plaintiff was guilty of contributory negligence. There can be no doubt that at least a jury question was presented as to the contributory negligence of the plaintiff. *Brewster* v. *New York, &c., R. R. Co.,* 80 *N. J. L.* 447; *Mahnken* v. *Freeholders of Monmouth,* 62 *Id.* 404. Contributory negligence was a jury question. A motion to nonsuit will be refused on that ground, unless it is established by the evidence beyond fair debate.

So, on the point of the defendant's negligence, all the trial court had to decide was whether negligence of the defendant may be reasonably inferred. It was open to the jury then to say whether, from the facts in proof, negligence ought to be inferred.

*Metropolitan Railway Co.* v. *Jackson L. R.,* 3 *App. Cas.* 193; *Newark Passenger Ry. Co.* v. *Block,* 55 *N. J. L.* 605; a motion for a nonsuit admits the truth of the plaintiff's evidence and of every inference of fact which can be legitimately drawn therefrom. *Jones* v. *Public Service Ry. Co.,* 86 *Id.* 646. As the proofs stood at the close of the plaintiff's case, the defendant's negligence was a jury question. The application of these principles is illustrated in such cases as *Newark Electric. &c., Co.* v. *Ruddy.* 62 *Id.* 505; *Najarian* v. *Jersey City. &c., R. R. Co.,* 77 *Id.* 704; *Napurana* v. *Young,* 74 *Id.* 627.

On the defence, the driver of the automobile testified "my wheels slid off, slid off the asphalt on to the stone, and they pulled completely off to one side, and I tried to pull them back; they wouldn't come back, so I applied my brakes as quick as I could, and I seen the woman and I couldn't do no more than put brakes on, and after a while I knew she was

under the car and I got under the car and helped take the lady from underneath the car," &c. The duty of making a satisfactory explanation to the jury how the accident happened was on the defendant; whether it did so or not was a jury question under the line of cases above cited. Nor do we find error in the court's refusal to charge as requested, which are argued under the third and fourth points. The vice in each of these requests is taking a single circumstance from the many that bore upon the question at issue in the testimony, from which the court is asked to tell the jury the plaintiff was guilty of contributory negligence. *Bliss* v. *Schaeffer Brewing Co.,* 67 *N. J. L.* 29; *Blackmore* v. *Ellis,* 70 *Id.* 264. As stated above, this was a jury question. The fifth point is an exception to the trial judge's charge in which he told the jury, "each had a right to use the public highway," &c.; "that the highway is for the use of all and that all persons have a right in the highway;" "they must use all parts of the highway with due regard to others in a reasonably prudent and careful manner." We see no error in this part of the charge. It was in harmony with the cases in this court of *Newark Passenger Ry. Co.* v. *Block,* 55 *Id.* 605, 612; *McGrath* v. *North Jersey St. Ry. Co.,* 66 *Id.* 312; also, 13 *R. C. L.* 279, ¶ 23. The rule is, that each must exercise that degree of care and prudence which the conditions and circumstances demand and such as a prudent person would use. *Baker* v. *Close,* 204 *N. Y.* 92; 38 *L. R. A.* (*N. S.*) 487.

The sixth point is, the trial court told the jury the plaintiff was entitled to recover "such reasonable outlay in the future as may be necessary to heal herself and her injuries." This was not error. 8 *R. C. L.* 545, ¶ 95.

The judgment of the Supreme Court is affirmed, with costs.

*For affirmance*—THE CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS. TAYLOR, ACKERSON, JJ. 14.

*For reversal*—None.