Argued at Pendleton May 7, affirmed July 2, rehearing denied July 30, 1929.

## GEORGE HARRIS *v.* LUTHER HINDMAN.

(278 Pac. 954.)

For appellant there was a brief and oral argument
by *Mr. E. R. Ringo.*

For respondent there was a brief over the name of *Messrs. Green & Hess,* with an oral argument by *Mr. R. J. Green.*

ROSSMAN, J.—■ The first assignment of error is predicated upon the refusal of the Circuit Court to instruct the jury that the defendant was not responsible for the alleged cancerous condition referred to in the evidence. There is substantial evidence in the record that the defendant struck the plaintiff a severe blow in the corner of the right eye in the immediate vicinity of the lacrimal duct which opened a cut that bled freely; a physician, who was consulted for treatment, brought the edges of the wound together by a stitch. There is evidence that the injured area never healed completely, and that later a cancerous growth formed at its edge. The defendant does not deny that the physicians who testified, four on behalf of the plaintiff and one on behalf of defendant, stated that the growth just mentioned was of a cancerous character; we quote from the brief of his counsel thus: "It is true the physician called by defendant gave it as his opinion that the growth was cancerous, as did physicians called by plaintiff," but he submits that such opinions were not sufficient to establish that fact, and next contends that the proof fails to establish that the defendant's blow produced this condition. The defendant seems to argue that the opinion of these five medical men, two of whom were specialists in diseases and disorders of the eye, ear, nose and throat, and a third of whom was a surgeon of well-recognized ability, rose no higher in the scale of evidence than an inference. In disposing of that contention we adopt the following words taken from Chamberlayne on Ev., Section 1811:

■

"The necessity for receiving the reasoning of skilled witnesses is self-evident. At the risk of repetition, it may be said that the skilled witness, as an observer, is permitted to state facts perceived by him with the same admixture of reasoning which is allowed the ordinary percipient. The presence, on his part, of a new element, that of special knowledge, has several marked effects, in an administrative point of view. Among these, it may be noted in the first place, that the large number of data, professional reading, past observations, and the like, usually broadens the basis of the reasoning of the skilled witness to such an extent as to make his mental deduction from his observations resemble, not so much an inference, as a conclusion. It further results from the technical experience of the witness that in his case an additional administrative reason for stating observed phenomena in the form of an act of reasoning is presented to the tribunal. Frequently there is the additional fact that phenomena observed are not only such, by reason of their minute and interblending character as to defy individual statement, in any effective way, to persons capable of understanding their meaning and relative importance; the jury are not such persons. In their case technical phenomena must be weighed by every day standards. These may be so obviously misleading as to warrant the court in declining to require the skilled witness to state technical details, even where he could do so with a fair approximation to fullness and accuracy."

The remainder of this contention argues that there is no proof sufficient to warrant a finding that defendant's blow was the cause of the cancerous condition. Dr. W. T. Phy, a surgeon of recognized ability, who had had much experience in dealing with cancer, in narrating the various conditions and circumstances, which the medical profession recognizes as probable causes of cancer, included irritation among them. In response to a hypothetical question, which outlined

the evidence the plaintiff relied upon and to which no objection was made, the witness testified, without reservation, that the blow and the failure of the wound to heal "was the exciting cause of the cancer"; he explained that "the exciting cause" is the immediate cause. Testimony in harmony with that of Dr. Phy was given by other physicians. Here we have substantial evidence, capable of supporting a finding, that the plaintiff's ailment was the natural and probable result of the defendant's blow. It is true that the defendant produced evidence, that prior to the blow, the plaintiff had for some time experienced trouble with this eye, consisting of a severe irritation, and it is likewise true that the medical experts agreed that such a condition was capable of causing the growth for which plaintiff sought to hold defendant responsible. If the plaintiff had admitted the aforementioned ailment, the jury would have been confronted with two possible causes of the cancerous condition for only one of which the defendant was responsible, and the case would have been thus brought within the principles of law stated in *Spain* v. *Oregon-W. R. & N. Co.,* 78 Or. 355 (153 Pac. 470, Ann. Cas. 1917E, 1104), *Engstrom* v. *Wise Dental Co.,* 97 Or. 634 (193 Pac. 187), and *Street* v. *Ringsmyer,* 108 Or. 349 (216 Pac. 1019). But, the plaintiff denied that he had ever been thus afflicted, and accompanied his personal testimony with that of others. If the jury rejected the defendant's evidence, concerning this alleged ailment, as untrue, and accepted the testimony of the medical experts, which declared that a relationship of cause and effect existed between the blow and the cancerous growth, the cases, just mentioned, which defendant relies upon, have no application.

Arguing further in support of his requested instruction the defendant contends that an injury, to be compensable, must be of such a nature that the tortfeasor could have foreseen it, and calls to our attention *Chambers* v. *Everding & Farrell,* 71 Or. 521 (136 Pac. 885, 143 Pac. 616). The matter determined there was one of proximate cause; the requirement, that before a party is compelled to guard another from injury the circumstances must be such that they suggest a reasonable expectation that disaster will occur unless precautions are employed. Our present problem, however, goes beyond that, and accepting as granted that the defendant's wrongful act inflicted an injury inquires for what items of damage the plaintiff may recover. We quote from Sutherland on Damages (4 ed.), Section 16, as follows:

"The correct doctrine, as we conceived, is that if the act or neglect complained of was wrongful, and the injury sustained resulted in the natural order of cause and effect, the person injured thereby is entitled to recover. There need not be in the mind of the individual whose act or omission has wrought the injury the least contemplation of the probable consequences of his conduct; he is responsible therefor because the result proximately follows his wrongful act or non-action. All persons are imperatively required to foresee what will be the natural consequences of their acts and omissions according to the usual course of nature and the general experience. The lawfulness of their acts and the degree of care required of them depend upon this foresight."

This court applied the same rule. See *Busch* v. *Robinson,* 46 Or. 539 (81 Pac. 237); *Rostad* v. *Portland Ry. etc. Co.,* 101 Or. 569 (201 Pac. 184); *Barron* v. *Duke,* 120 Or. 181 (250 Pac. 628). In *Sloan* v. *Edwards,* 61 Md. 89, it was held that convulsions and

fits, with which the plaintiff became afflicted, as the result of the assault, could be properly redressed in damages as natural and proximate consequences of the act complained of. See, also, *Tyson* v. *Booth*, 100 Mass. 258. In *Atlantic Coast Line R. Co.* v. *Thompson*, 211 Fed. 889 (128 C. C. A. 269), a cancerous condition which developed as the result of the defendant's negligent act was held an item of damages.

The court's instructions in regard to the cancerous condition as an element of damage was very fair; to it the defendant saved no exception. We find no error presented by this assignment of error.

■ ■ The appellant assigns error upon the ruling of the Circuit Court, which permitted the plaintiff to testify to a declaration made by the defendant's father in the appellant's presence immediately after the altercation, to the effect that the father proposed to take the defendant to town, have him arrested, and make him pay for the injury inflicted. Section 727, subdivision 3, Or. L., provides that there may be received in evidence a declaration of a third party in the presence of the suitor affected by it, and the latter's conduct in regard thereto. The defendant argues (1) that this declaration was not of a type that called for a reply, and that, therefore, his silence was not an adoption of any charge contained in it, and (2) that the proof did not show whether defendant remained silent. Based upon these premises he argues that the court erred when it received this testimony. In the answer the defendant alleges (1) that the plaintiff had made opprobrious remarks concerning the defendant's wife, (2) that defendant had forbade the plaintiff to come upon the former's farm, (3) that upon the occasion in question he had demanded that the plaintiff apologize to defendant's

wife, (4) that thereupon the plaintiff kicked the defendant, and (5) that the latter struck in self-defense. It seems to us that a son, who had dealt an elderly man a severe blow, and who was thus spoken to by his father, would promptly assert the above defense if those allegations were true. Silence under such circumstances was tantamount to guilt; at least the court was entitled so to conclude in passing upon the preliminary question of the declaration's admissibility. Next it seems to us that the evidence is reasonably susceptible of a construction that the defendant remained silent when his father thus spoke; apparently the declaration was received in evidence under the belief that the accusing words were met with silence. And, finally, we believe that the general objection is insufficient to assign the error urged upon us: *Hamilton* v. *Kelsey,* 126 Or. 26 (268 Pac. 750). We believe that the defendant's objection to this evidence presents no error.

■ Defendant complains because the court denied his motion, which sought to strike from the complaint the allegation that $500 is a reasonable sum to be allowed for such medical, nurse and hospital attention as will be necessary to treat the cancerous condition; the same assignment of error complains because the court did not instruct the jury that it should allow nothing for the above items. At the time of the trial the plaintiff had not undertaken to cure the cancerous condition, but produced medical witnesses who testified to what should be done; one was uncertain as to the course of treatment to be adopted; another refused to express his opinion until microscopic and other examinations could be made in a hospital; another witness, however, outlined in detail the course to be pursued and was of the opinion that such treat-

ment would reasonably cost $1,000. A physician who testified on behalf of the defendant believed that $25 would be a fair charge for the necessary services. The motion and the requested instruction do not raise the issue as to what amount should be allowed, but deny that any sum whatever is recoverable. Ordinarily an injured party is entitled to recover for medical attention and nursing which are reasonably certain to be necessarily incurred in the future: 8 R. C. L., Damages, § 95, and *Work* v. *Philadelphia Supply Co.*, 95 N. J. Law, 193 (112 Atl. 185). We believe that the evidence clearly indicates that the plaintiff is in need of medical attention; the defendant's witnesses, as well as the plaintiff's, establish that fact. Since the only remaining issue presents a question as to the amount that the plaintiff will have to expend, and since this issue is not raised by the exception, the court's rulings were free of error.

We have examined the remaining assignments of error and believe that they present neither error nor occasion for comment. It follows from the preceding that the judgment appealed from should be affirmed.

AFFIRMED. REHEARING DENIED.

McBRIDE, BEAN and RAND, JJ., concur.