Submitted on briefs March 12, decided April 26, 1910.

## STOWELL *v.* HALL.

[108 Pac. 182.]

APPEAL AND ERROR — HARMLESS ERROR — ERRONEOUS ADMISSION OF EVIDENCE.

1. Where there was no dispute that an automobile ran into a vehicle, frightening the horse and injuring the driver, any error in admitting as a part of the *res gestae* a statement of the driver that an automobile ran into the vehicle was harmless.

EVIDENCE—CONDUCT OF PARTY—ADMISSIBILITY.

2. Under Section 718, B. & C. Comp., providing that evidence may be given of a declaration of another in the presence of a party and of his conduct in relation thereto, the declarations of third persons in the presence of a party charged with running his automobile into a vehicle injuring the occupant thereof, made when the party had an opportunity to contradict or explain the statements, were admissible against him.

TRIAL—ORDER OF PROOF—DISCRETION OF TRIAL COURT.

3. The order of proof is within the sound discretion of the trial court, and the admission in rebuttal of testimony constituting proof in chief is not reversible error:

From Multnomah:  CALVIN U. GANTENBEIN, Judge.

This is an action by J. E. Stowell against E. D. Hall to recover damages for a personal injury.  From a judgment in favor of plaintiff for $783, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *Messrs. Howard & Humphreys.*

For respondent there was a brief over the name of *Mr. John H. Stevenson.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an action by J. E. Stowell against E. D. Hall to recover damages for a personal injury alleged to have been caused by the negligence of the defendant who, in operating an automobile on a highway, ran into a coupe in which the plaintiff was riding.  The answer denied the averments of the complaint, and a trial was had resulting in a judgment against the defendant in the sum of $783, whereupon he appeals.

1. The errors assigned relate to the admission of testimony, over objection and exception, and in order fully to comprehend the rulings in these particulars, it is thought proper to state the substance of the plaintiff's testimony respecting the time, place, and manner of the accident. He stated upon oath that on April 3, 1909, about 11:30 P. M., as he was driving east on Yamhill street, Portland, an automobile came up behind him, struck the shaft of the carriage, frightening and causing his horse to run away, and, in turning to the left on Sixth street, the vehicle was dashed against a structure at the corner, throwing him to the pavement, along which he was dragged to Morrison street, where, becoming disentangled, he was picked up and taken to the hospital.

Mr. Estes testified that he saw a horse dragging a person on Sixth street, leaving him at Morrison street, lying

Sig. 9

on the pavement, whom the witness. recognized as the plaintiff. Estes was then directed as follows:

"Now, what did Stowell say to you?" Again, "now just state to the jury what you said to Stowell, and what he said to you."

Over objection .and exception the witness replied:

"I said, 'What is the matter, Jack, are you hurt?' And he said, 'Yes.' I said, 'What did it?' He said, 'An auto ran into my hack.'"

Ira McDulin, having testified, in effect, that he owned the coupe driven by Stowell when hurt, and that having learned the defendant was the owner of the license on the .automobile causing the injury, he visited and conferred with him about the collision, was directed by plaintiff's counsel as follows:

"State what conversation, if any, you had with Hall in regard to this accident."

An objection, on the ground that no foundation had been laid for the. defendant's impeachment, was overruled and an exception saved, when the witness answered:

"I went to see Hall either Monday or Tuesday, April 5th or 6th. I went first in the morning, but Hall wasn't in, so I went back later and talked with him. I said, 'I came to see you in regard to that accident.' He said, 'I don't know anything about any accident.' I asked him if he hadn't run into a coupe on Yamhill street Saturday night, and he said he never ran into anybody. I asked him if he owned a red machine, No. 1092, and he said, 'What do you mean by machine?' I said, 'An automobile.' Hall said, 'I own a red automobile, but I don't know whether that is the number of it.' A boy in the store spoke up and said, 'Yes, that is the number of your automobile.'"

The defendant's objection to the boy's statement having been overruled and an exception allowed, McDulin continued:

"I asked Hall if he was not out in the automobile Saturday night, and if he had not come down Yamhill street?

He said he had, but had got in early, and that he had not run into anybody. I asked him what time he got home. He called to a woman, who came forward from the back part of the store, and Hall turned to her, and said, 'What time did we get in Saturday night?' Hall pulled his hat down over his forehead so I could not see his face. The woman looked at him and said, 'It was a little before 12, wasn't it?' "

The objection of defendant's counsel to the statement of this woman, having been overruled, and an exception saved, the witness resumed:

"Hall said, 'I suppose I might have come by there about that time, and somebody glaumed my number—some sorehead standing around there might have glaumed my number. I had a notion to go out and see this fellow out of sympathy, but I didn't run into anybody. I don't see how he could have got anybody's number if it happened the way the papers say.' "

A motion to strike out all the testimony of this witness was denied and an exception granted. Evidence having been admitted tending to show that the defendant owned a red automobile which, at the time of the injury, carried license tag No. 1092, the plaintiff rested.

The witnesses for the defendant testified that on the night of the alleged injury he and three other persons were in his automobile at a place several miles distant from the scene of the hurt, which they did not pass until more than an hour after the occurrence, and that his automobile did not collide with the plaintiff's vehicle. Hall, as a witness in his own behalf, having admitted that the plaintiff's coupe might have been run into by an automobile as claimed, denied that the collision was caused by his machine, and thereupon rested his cause. Thereafter E. J. Martin, a witness for the plaintiff, was permitted, over objection and exception, to testify as follows:

"I heard a horse rushing past and some one halloaing, and went to the window and looked out. I saw a gray horse running away, drawing a coupe, and saw a red

automobile going east on Yamhill street at a rapid rate. It was a red machine, and was just past the corner. The horse and cab turned the corner. I did not see who was in the automobile, nor the number of the license."

Considering the exceptions noted in their regular order, it is contended that Stowell's declarations as to the cause of his injury did not constitute a part of the *res gestae,* for which reason they were inadmissible, and an error was committed in permitting Estes to detail the plaintiff's narration; citing in support of the principle asserted, the cases of *Sullivan* v. *O. R. & N. Co.,* 12 Or. 392 (7 Pac. 508: 53 Am. Rep. 364), and *Friedenthal* v. *Brown,* 52 Or. 33 (95 Pac. 1114.)

It will be remembered that Stowell, in his explanation of the origin of his injury, as told by Estes, did not attempt to identify any particular automobile or attribute his hurt to the defendant. It is difficult to perceive how Hall could have been prejudiced by receiving the testimony in question. We think any error in this respect was waived by the defendant who, as a witness in his own behalf, admitted that Stowell's coupe might have been run into by an automobile. There was therefore no dispute about the fact detailed by the statement, and if any error was committed in receiving the declaration in evidence, it was harmless and could not have injured the defendant. *State* v. *Hatcher,* 29 Or. 309, 312 (44 Pac. 584) ; *State* v. *Smith,* 47 Or. 485, 489 (83 Pac. 865.)

2. It is insisted that in receiving McDulin's testimony detailing the declaration of the boy, who, referring to No. 1092 as evidencing a license, said, "Yes, that is the number of your automobile," and the statement of the woman in reply to Hall's inquiry as to the time of their arrival in the city on the night of the injury, "It was a little before 12, wasn't it?" errors were committed. We do not understand that any attempt was made to impeach the defendant, thereby making it necessary to call his

attention to the time, place, and circumstance, or even to ask him if he had not made these statements imputed to him. The declarations of the boy and by the woman were made in the presence of Hall, who had an opportunity, without intimidation or interruption, to contradict or explain their statements, and, not having done so, his conduct in relation thereto was admissible. Section 718, B. & C. Comp.; *Patty* v. *Salem Flouring Mills Co.*, 53 Or. 350, 353 (96 Pac. 1106: 98 Pac. 521: 100 Pac. 298.)

3. It is argued that an error was committed in permitting the plaintiff, over objection and exception, to offer in rebuttal the testimony of Martin, which constituted proof of the cause of action in chief, and not in explanation of any testimony given by the defendant. In *Davis* v. *Emmons*, 32 Or. 389, 395 (51 Pac. 652) this question was determined adversely to the present contention on the ground that the order of proof is a matter regulated by the sound discretion of the trial court, and the conclusion so reached, we believe, is supported by reason.

It follows that the judgment should be affirmed, and it is so ordered.        AFFIRMED.