EDWARD W. HELBERG, Appellant, v. O. B. ZUCK et al., Appellees.

**EVIDENCE: Admissions—Genuineness of Corporate Records.** In an action against the secretary of a corporation *individually*, the record proceedings of the corporation are admissible against him, when material, upon an admission by such secretary that he believed them to be such records, even though he states such belief as a conclusion, or bases his belief on hearsay, and even though he states that he does not know that they were correctly kept.

**EVIDENCE: Documentary Evidence—Insufficient Authentication.** A purported financial statement of a corporation is manifestly inadmissible, in the absence of testimony as to its authenticity or as to the author thereof and the circumstances of its preparation.

Headnote 1: 22 C. J. pp. 299, 307 (Anno.)    Headnote 2: 22 C. J. p. 1096.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

APRIL 6, 1926.

ACTION for fraud in the sale of corporate stock. A number of persons were made defendants, but the case comes here only on the issues between the plaintiff and the defendant J. C. Fulkerson, upon whose motion verdict against the plaintiff was directed. The plaintiff appeals.—*Reversed.*

*George C. Claassen,* for appellant.

*C. F. Luberger* and *Don Barnes,* for appellees.

MORLING, J.—I. We find it unnecessary to set out at length the issues and the evidence in this case, both of which are complicated. For the purposes of this appeal, it is suf-

1. EVIDENCE: admissions: genuineness of corporate records.

ficient to say that the plaintiff claims that Fulkerson fraudulently misrepresented to him the financial condition of the Eastern Iowa Flour Company, a corporation of which Fulkerson was secretary, and in which plaintiff purchased stock in alleged reliance upon such representation; that Fulkerson, by signing the stock certificate issued to plaintiff, bearing the recital ''capital stock $25,000,'' fraudulently represented that it was a $25,000 corporation, whereas it was in fact one with an authorized capital of $50,000, by reason of an amendment which had previously been made to its articles; that a large amount of the stock had been sold other than for cash, without a permit from the state department, and fraudulently represented to the department as having been sold for cash. Plaintiff called Fulkerson as a witness, and, showing him Exhibit 13, asked Fulkerson to state whether it was one of the books kept by the corporation during the period that Fulkerson was secretary. The answer was, ''Yes, I think it is.'' The court struck out this answer as a conclusion. Fulkerson testified that Exhibit 13 was not in his handwriting or made under his direction or kept under his supervision; that he did not know whether the entries made by Miss Eckler were made under the direction of the company; that he did not know whether they were the correct records of the transactions of the company,—did not have them in his possession before. He was asked:

''Is there any doubt in your mind as to whether these two

books, Exhibits 13 and 14, are the books of the Eastern Iowa Flour Company? A. I think they are."

He said he did not know for sure whether the matters set out are records of the company. He was asked:

"Is there any doubt in your mind whether the matters set out in Exhibit Number 13 are the records of the Eastern Iowa Flour Company? A. No."

He said he did not know of his own knowledge whether they were made on instructions of the company or officers; that he would think they were; that from the names used he would judge they were the records of the company; that Miss Eckler, one of the employees of the company, he thought kept the records; that he believed that she wrote that record in that employment; that he thought she made some of them,—"couldn't say for sure;" that Miss Eckler put down this record, or Mr. Zuck (Zuck was the president); that, from his knowledge of the affairs of the corporation and its operations, he would guess that Exhibit 13 was a book or record of it during the period of operations,—whether the accurate record, he didn't know. Plaintiff offered certain pages in evidence, which were objected to on various grounds, and excluded. The pages are headed, "The Eastern Iowa Flour Company, Cedar Rapids, Iowa." They include a period from April, 1915, to January, 1918. They contain entries of the incorporation, opening of business, statement of resources and liabilities, including good will, charged at $3,000, and other items bearing on the company's financial condition and financial transactions. There was testimony that Fulkerson admitted having sold quite a little of the stock, and admitted that some was issued for property, without petition to the executive council. The objection relied upon here is that the book was not properly authenticated or identified as one kept by the corporation or its employees, and that the entries in it are not supported by the testimony of anyone who knew anything about them. The action is against Fulkerson individually. He was the secretary of the corporation. He was the legal custodian of the records, and the one charged with the duty of making them. 14a Corpus Juris 94; 2 Thompson on Corporations (2d Ed.), Sections 1511, 1512. He thought the book was that of the corporation, and so answered the question

whether he had any doubt about it. The action is to charge him,—not a third person. His admission is not rendered inadmissble against himself because of its being his conclusion or based on hearsay. *Ross v. Salminen,* 191 Fed. 504; *Brookfield v. Drury College,* 139 Mo. 'App. 339 (123 S. W. 86) ; *Sutcliffe v. Pence,* 156 Iowa 643, 648. Speaking exclusively to defendant's objection to the admissibility of the book, and without any reference to its weight as evidence, in view of his admitted belief that the book was one of the records of the company, we think it does not lie with him to urge that he did not perform the duties which he assumed as the secretary of the corporation, or that he did not know whether the records which it was his duty to make and keep were correct. Exhibit 13 should have been received in evidence.

II. Plaintiff testified that a financial record showing the condition of the company was made in May, 1917; that he looked it over shortly after it came out, in August, 1917; that Exhibit 16 looked the same to him as the original. Who made this statement, its authenticity, his knowledge, or the circumstances, are not shown. There was testimony that search had been made for the original, but it had not been located. It appears to have been made use of in a former action in which exhibits and transcript could not be found. The attorney in that case testified that he made a correct abstract for the Supreme Court. The part of the abstract setting out this statement was then offered and excluded. If the supposed original statement itself had been the subject of the offer, the offer would manifestly have been without sufficient foundation. Necessarily, if the supposed statement itself was inadmissible, the copy would be. It is not necessary to consider other objections to this offer.

2. EVIDENCE: documentary evidence: insufficient authentication.

III. Motion to direct a verdict was made upon various grounds, and sustained. It is not claimed that the exclusion of Exhibit 13 was without prejudice, or that its admission would not have required a different ruling on the motion. The contrary is assumed. We are, therefore, not called upon to consider the sufficiency otherwise of the evidence to go to the jury.

For the error indicated, the judgment is—*Reversed.*

De Graff, C. J., and Evans and Albert, JJ., concur.