Argued September 7; affirmed October 4, 1938

# SWAIN *v.* OREGON MOTOR STAGES
(82 P. (2d) 1084, 118 A. L. R. 1225)

*W. C. Winslow,* of Salem, for appellant.

*Allan G. Carson,* of Salem, and *Donald K. Grant,* of Portland (Carson & Carson, of Salem, and Maguire, Shields & Morrison, of Portland, on the brief), for respondents.

ROSSMAN, J.   This is an appeal by the plaintiff from a judgment entered upon the verdict of a jury in the defendant's favor. The complaint prayed for the recovery of damages which it alleged the plaintiff suffered November 4, 1936, when the defendant's motor bus, in which the plaintiff was riding as a passenger for hire, collided at the intersection of Berry street and Rural avenue, Salem, with an automobile driven by one Frank Weddle. The complaint averred, and the answer denied, that the bus was operated in a negligent manner. The plaintiff, his wife, one other passenger by the name of Mrs. Ethel Sundlie, and the operator of the bus were its only occupants at the time of the collision.

The first assignment of error is based upon a ruling made during the defendant's cross-examination of the above-mentioned Mrs. Sundlie. After this witness had stated that she, the plaintiff and the latter's wife

discussed the accident before leaving the bus, she was asked: "What did Mr. Swain, or Mrs. Swain in his (plaintiff's) presence and hearing, say to the best of your memory?" The defendant's objection, "I don't think that is admissible, what Mrs. Swain said in his presence," was overruled, but the witness declared that she did not understand the question. She was then asked, "Did they say anything as to the conduct of the driver of the bus?" and replied, "Yes, we were quite agreed that the bus driver had handled the situation very—" At this point the judge instructed the jury to disregard the answer. Defendant's counsel then asked the witness: "What was said by them, to the best of your recollection?" and met with the objection, "We object to the expression of any opinion of the witness as to whether the bus driver was doing what he should or not." The objection was overruled, but before the witness replied the question was restated as follows: "To the best of your memory, could you say what they did say?" The witness replied: "That it wasn't the bus driver's fault." This answer concluded the cross-examination.

The plaintiff cites no authorities in support of his contention that the witness's answer above quoted was inadmissible. His brief states: "We contend that a man cannot be bound by the declarations of his wife, even if made in his presence."

Section 9-226, Oregon Code 1930, provides:

"In conformity with the preceding provisions, evidence may be given on the trial, of the following facts:

\* \* \*

3. A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto; \* \* \*"

The rule embraced by this section of our code deems admissible a third person's statement made in the presence of the adverse party if the latter possessed an opportunity and a motive to deny the statement if deemed incorrect. His silence under such circumstances affords the basis for an inference that he acquiesced in the statement. The rule is discussed in Wigmore on Evidence (2d Ed.), § 1071, and was applied in *Willhite v. Freed,* 137 Or. 1 (299 P. 691); *Harris v. Hindman,* 130 Or. 15 (278 P. 954); and *Stowell v. Hall,* 56 Or. 256 (108 P. 182).

In the present instance, the witness apparently was unable to state whether the plaintiff or his wife was the one who declared, "It wasn't the bus driver's fault." The entire course of the witness's testimony indicates that, possibly, the remarks of the plaintiff and his wife were so closely linked together that the quoted language was that of both. If this is true, the testimony was clearly admissible. Likewise, if the statement was the language of the plaintiff alone, it was admissible; but if the quoted words were spoken by the plaintiff's wife, his silence could justify a conclusion that he agreed with her views. It is clear that he had an opportunity and a motive to deny the statement if he deemed it untrue. We add that immediately after Mrs. Sundlie gave this testimony the plaintiff was recalled as a witness by his counsel, but made no effort whatever to deny that he was the one who made the quoted statement. Later, his wife, upon returning to the stand, was asked about the conversation, and testified: "I don't remember just what I said. I could have said it, I was quite excited, I really don't know." We are satisfied that no error is revealed by this contention.

■ The second assignment of error is based upon a ruling which received in evidence an accident report

written by the plaintiff immediately after the collision and before he left the bus. The report is upon a printed form prepared for that purpose by the defendant, and was handed to the plaintiff by the driver of the bus. The form, after inquiring for the injured person's name and address, makes the following inquiries: "Were you injured?" "If so, what injuries did you sustain?" and "Who do you consider to blame for the accident?" After each question the plaintiff made his answers. After the three above quoted he wrote, respectively, "Yes." "Left knee bruised." and "Man driving Dodge coup, Lic. No. 246-102." This assignment of error concerns itself only with the answer last quoted.

In support of his contention, the plaintiff neither cites authorities nor mentions any specific rule of evidence which he claims was violated in the receipt of the document, unless a suggestion concerning the latter is contained in the following, quoted from his brief: "It is contended that a case of this kind should not be disposed of upon opinion evidence. This is a question of what happened. * * * We do not believe it rises to the height of an admission against interest. It is not a statement of fact. It is a mere conclusion and made at the time by an injured party." It will be observed that the plaintiff does not deny that he made the answers above quoted.

In *Grodsky v. Bag Co.*, 324 Mo. 1067 (26 S. W. (2d) 618), the plaintiff sought the recovery of damages for a personal injury which she sustained when an automobile owned by the defendant in which she was riding collided with a truck. The defendant denied the plaintiff's averments of negligence. After the accident the plaintiff signed a statement in which she stated, among other items, "It is my opinion the truck driver was entirely responsible for the accident." In holding that

the statement was admissible, the court, in a carefully prepared decision, declared, "Plaintiff's statement that it was her 'opinion that the truck driver was entirely responsible for the accident' was inconsistent with her subsequent action in attempting to place the blame upon other parties." A similar observation is warranted in the present instance. In arriving at its decision, the Missouri court, besides citing many authorities in support of its conclusion, quoted the following from Wigmore on Evidence (2d Ed.), § 1053:

"The Opinion Rule (post, § 1917) does not limit the use of a party's admissions. The reason for that rule does not apply to a party's admissions. Moreover, every case presented in the allegations of pleadings and witnesses includes both facts and inferences; hence, the opponent's admissions will naturally range over both facts and inferences without distinction, e. g. as when a debtor's letter admits that he owes $20 out of the $45 claimed by the creditor. To extend the arbitrary trivialities of the Opinion Rule to parties' admissions would be the extreme of futility."

Other decisions in addition to those cited in the opinion just reviewed, which hold that an admission against interest is admissible even if it assumes the form of an expressed opinion, are: *Stocklen v. Barrett,* 58 Or. 281 (114 P. 108); *Meyers v. Dillon,* 39 Or. 581 (65 P. 867, 66 P. 814); *Helberg v. Zuck,* 201 Iowa 860 (208 N. W. 209); and *Hege & Co. v. Tompkins,* 69 Ind. App. 273 (121 N. E. 677).

We are clearly satisfied that the circuit court did not err when it made the challenged ruling.

■ The third, being the final, assignment of error is based upon the contention that the trial judge erred when he declined to give to the jury the following instruction:

"Defendant contends that the accident was caused by the negligence of one Frank Weddle. You are in-

structed that if the sole proximate cause of the accident was negligence upon the part of Frank Weddle, then in that case plaintiff cannot recover; but, on the other hand, if the accident was caused by the combined negligence of Frank Weddle and the defendant, then in that case plaintiff would be entitled to recover full compensation of and from the defendant in this case."

The defendant does not contend that if its bus was operated in a negligent manner Weddle's negligence relieved it of liability. It argues that the appropriate principles of law were properly stated to the jury.

The complaint averred that the operator of the bus (1) failed to maintain an adequate lookout; (2) failed to keep his vehicle under control; (3) failed to yield to Weddle's car the right of way; (4) drove the bus at an unreasonable rate of speed; and (5) stopped it suddenly. The plaintiff, referring to Weddle's car, testified: "I was just simply sitting in the front seat and just saw a flash and that was all there was to it, the cars came together." According to him, Weddle's car "was going like hell." He made no mention of the bus's speed, but his wife, as one of his witnesses, swore: "I thought we were going along about the usual rate of speed. I ride on the bus often, I can't estimate the speed, but I imagine, as they have said, it must have been around twenty miles an hour possibly, * * * the usual rate of speed it seemed, there wasn't anything unusual." Mrs. Sundlie, also a witness for the plaintiff, did not estimate the speed of the bus in terms of miles per hour, but swore: "It didn't seem to be irregular, I ride on the busses a good deal." Weddle, as a witness for the plaintiff, testified that he did not see the bus until he was "right close to the intersection." The plaintiff was sure that the bus entered the intersection before Weddle's car reached it. Weddle swore

that when he saw the bus he did not swerve to the right or left, but "went ahead because I had the right of way, I figured." He added, "I was feeding gas right along." Weddle thought his speed was twenty miles per hour, but two disinterested persons, witnesses for the defendant, estimated his speed at from thirty-five to forty-five miles per hour; and it will be recalled that the plaintiff swore that Weddle "was going like hell." The plaintiff does not contend that the bus was being operated on the wrong side of the street. The evidence offered by him indicates that the collision occurred near the center of the street and that the bus, in an effort to avoid Weddle's car, had swerved to the left.

It will be observed from the foregoing that the plaintiff conceded that Weddle's car was being operated in a negligent manner. In fact, his original complaint, which became a part of the evidence upon the trial, after naming Weddle as a party defendant, averred (1) that he operated his car at an excessive speed; and (2) that he failed (a) to maintain a lookout; (b) to keep his car under control; and (c) to yield to the bus the right of way. The original complaint alleged: "Said collision was caused by the combined and concurrent negligence of both defendants."

The above being the charges made by the plaintiff, it is evident that the cause of his alleged injuries may have been (1) Weddle's negligence alone; or (2) the combined negligence of both the defendant and Weddle. For the second, damages were recoverable from the defendant, but not for the first; the assignment of error under consideration concerns the second only, not the first. Under the second the defendant and Weddle would have been joint tort feasors.

The requested instruction states that under the circumstances assumed by it "the plaintiff would be en-

titled to recover full compensation." That clause certainly required further explanation.

The instructions given informed the jury: "The fact, if you find it to be a fact, that Mr. Weddle was guilty of negligence in this case, would not relieve the defendant company from any negligence, however slight, at the time, if any." Other parts of the instructions stated the same principle and informed the jury that it was incumbent upon the defendant to exercise a high degree of care. It is true, as the plaintiff points out, that the language which we have just quoted continued as follows: "if such negligence of the company, if any, was the proximate cause of the collision," but the instructions at another point also stated: "Any negligence, on the part of the defendant company, even though the same is slight, if it proximately caused or proximately helped to cause the injury or collision, rather, renders the defendant liable to the plaintiff for any damages he may have sustained." The instructions employed the ordinary definition of the term "proximate cause" and we are satisfied that, as a whole, they were free from substantial error and understandable. Collisions between automobiles are, unfortunately, a matter of common occurrence, and the law applicable to them is fairly well understood by the average person. Our Constitution (Art. VII, § 5) requires that our juries shall be composed of "the most competent of the permanent citizens of the county." It is our opinion that the instructions given were free from substantial error, and that the court did not err when it refused to give the instruction mentioned in this assignment of error.

The judgment of the circuit court is affirmed.

BEAN, C. J., and BAILEY, LUSK, KELLY and RAND, JJ., concur.

BELT, J., did not participate in this decision.