Argued January 9, affirmed January 22, 1958

# KLEVER *v.* ELLIOTT ET AL
320 P. 2d 263

D. E. *Kaufman* argued the cause for appellant. On the brief were McMinimee & Kaufman, Tillamook.

C. *Ray Johnson,* Tillamook, argued the cause and filed a brief for respondents.

Before PERRY, Chief Justice, and LUSK, WARNER and KESTER, Justices.

KESTER, J.

This is an appeal by plaintiff from a judgment based upon a verdict for defendants in an action for damages for personal injuries. Plaintiff's injuries were sustained in a collision between a pickup truck driven by plaintiff and a logging truck owned by de-

fendant Brown and driven by defendant Elliott. Since agency is not disputed, we will refer to Elliott as if he were the sole defendant. The collision occurred on May 26, 1954, on the Cook creek road, a public mountain highway in Tillamook county.

Plaintiff was traveling in a westerly direction and defendant was going easterly. Defendant's truck came around a right-hand curve immediately before the accident; and plaintiff claimed that it rounded the curve on the wrong side of the road, forcing plaintiff to swerve to his left in an attempt to avoid the accident, and that defendant then swerved to the right just before the impact. Defendant claimed that his truck was at all times on its right, or the southerly side, of the road. It is agreed that the collision occurred either in the southerly lane of traffic or off the highway on the south side.

The first and principal assignment of error relates to the sustaining of an objection to certain testimony by plaintiff's witness Paul Casterline. Plaintiff's offer of proof was as follows:

"MR. McMINIMEE: If the Court please, plaintiff offers to prove that if the witness Casterline were permitted to testify he would testify that in the presence of Sonny Mosher and Laurence Elliott and himself and probably one other person that at that time and place, upon arriving at the scene of the accident, which was minutes after the accident, that Casterline made the statement, 'It looks to me like a case of too much speed and you weren't watching where you were going,' and directed his remark to the defendant Elliott, and he was standing less than five feet away and looked at him and defendant Laurence Elliott made no comment or reply thereto."

■ Since Casterline was not an eyewitness, but arrived on the scene after the accident, his statement was not one of fact, but only of conclusion. Therefore it was not admissible as such, even if the circumstances otherwise satisfied the res gestae rule, [1] *Field v. North Coast Transportation Co.,* 164 Wash 123, 2 P2d 672, 76 ALR 1114.

■ Plaintiff claims, however, that the proferred testimony was admissible because defendant Elliott's silence was a tacit admission of the truth of Casterline's accusation, relying on ORS 41.900(3) [2] and *Johnson v. Underwood,* 102 Or 680, 695, 203 P 879; *Patty v. Salem Flouring Mills Co.,* 53 Or 350, 353, 96 P 1106, 96 P 521, 100 P 298; *Stowell v. Hall,* 56 Or 256, 260-61, 108 P 182; and *Swain v. Oregon Motor Stages,* 160 Or 1, 3-4, 82 P2d 1084, 118 ALR 1225.

In the Patty case, supra, this court said with respect to the statute which is now ORS 41.900(3):

"This enactment recognizes a well-established rule of evidence, which is to the effect that when a declaration is made in the presence and hearing of a party, who understands the full import thereof and is at liberty to reply thereto, and the utterance is made by such a person and under such circumstances as naturally to call for an answer, a failure to deny an assertion that is adverse to the known rights or interests of such party is tantamount to an implied admission of the truth of the affirmation: * * *."

■ The Johnson case, supra, pointed out that the question of whether the circumstances are such as

---

[1] ORS 41.870: "Declaration, act or omission which is part of transaction. Where the declaration, act or omission forms part of a transaction which is itself the fact in dispute, or evidence of that fact, such declaration, act or omission is evidence as part of the transaction."

[2] ORS 41.900(3): "Evidence may be given of * * * a declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto."

naturally to call for a denial is a preliminary question for the trial court, 102 Or at 696. In that case the following statement was quoted with approval from 22 CJ 325, 326:

> "Whether the situation was one from which the jury may reasonably find a party's conduct relevant to a fact in issue is a preliminary question for the court, to be determined in view of all the evidence in the case, direct or circumstantial; for a person is not at liberty to make evidence for himself by the simple expedient of saying something to his opponent and then supporting the truth of his statement by proof that it was not denied. Silence or acquiescence is a species of evidence to be received with caution; and proof of a statement made in the presence of the party should be stricken out if it is not followed by proof of the party's conduct on the occasion."

See also Annotation 76 ALR 1391; 20 Am Jur 479, 482, Evidence §§ 567, 569; 31 CJS 1057, Evidence § 294 et seq.

The trial court's decision of course does not determine finally whether or not the party's silence was an admission of the truth of the statement, but only whether a sufficient prima facie showing has been made to warrant the jury in considering it in the light of all the circumstances. Compare the concurring opinion of Mr. Justice HARRIS in *State v. Morris,* 83 Or 429, 450, 163 P 567.

In determining the preliminary question the court was entitled to consider: (a) that Casterline was not a witness to the accident, and his comment was only an argumentative opinion, (b) that Casterline was a fellow-employe of plaintiff and possibly biased, (c) that Casterline, being a stranger to the accident, had no apparent right to require defendant to express himself,

(d) that the situation immediately after the accident was one of some confusion, and Elliott was busy rendering aid to plaintiff, and (e) that plaintiff himself at that time indicated inability to talk about the accident because of his injury.

Under all the circumstances the trial court may well have found, upon the preliminary inquiry, that even if Elliott heard the remark and had opportunity to reply, he was under no obligation to enter into a debate over liability, particularly with one who was not involved in the accident nor an eyewitness, and whose opinions must have been based only upon inference. The trial court necessarily has some latitude in such matters, and while it might not have been error to have admitted the evidence, we cannot say that it was error to exclude it.

A similar question is presented by the second assignment of error, which is based upon the trial court's refusing to give the following requested instruction:

> "I instruct you that any statement made by the Plaintiff Klever in the immediate presence of the defendants, or either of them, which statement attributed to the defendants, or either of them, negligent conduct, and if the defendants, or either of them, heard the statement made against their interest and failed to deny or refute the statement, such failure on the part of the defendant hearing the statement constitutes an admission by that defendant of the truth of the statement made."

■ The requested instruction was predicated on testimony that after the accident defendant Elliott inquired of plaintiff as follows: "Al, didn't you see me?" to which plantiff answered: "Yes, but I thought you were going to take to the left." Elliott made no reply to plaintiff's statement, and plaintiff argues that his

silence constituted an admission that he was in fact going to "take to the left." The requested instruction would have informed the jury that the failure to deny the statement was, as a matter of law, an admission of the truth of the statement, regardless of the circumstances under which the conversation occurred. Since this would have prevented the jury from evaluating Elliott's silence in the light of the circumstances, no error was committed in refusing the instruction.

Other assignments of error are based upon the giving and refusal of various instructions. Viewing them against the entire charge, we find no error in the respects assigned.

The judgment is affirmed.