Argued July 7, affirmed September 9, 1966

# BROWN *v.* BRYANT
### 417 P. 2d 1002

*Donald C. Walker,* Portland, argued the cause and filed briefs for appellant.

*Mitchell Crew,* Portland, argued the cause for respondent. On the brief were Mercer, Anderson & Crew.

Before MCALLISTER, Chief Justice, and O'CONNELL, GOODWIN, DENECKE and LUSK, Justices.

LUSK, J.

Plaintiff, a guest passenger in an automobile driven by the defendant, sued the defendant to recover damages for personal injuries arising out of an accident which the plaintiff alleged was caused by the defendant's gross negligence and intoxication: ORS 30.115. On the trial the court took from the jury the charges of gross negligence and submitted only the question of intoxication. The jury returned a verdict for the plaintiff. On motion of the defendant the court set aside the verdict and granted a new trial. Plaintiff appeals.

The accident occurred when the defendant, in making a left-hand turn at a street intersection in Portland, lost control of his car, which jumped a curb and ran into a building at a corner of the intersection. The only competent evidence that the defendant was intoxicated was furnished by a police officer who was called to the scene of the accident a few minutes after it occurred. He testified as a witness for the plaintiff that he could detect the smell of alcohol on the defendant's breath and that the defendant was unsteady on his feet and his speech was slurred. The court refused to permit the officer to give an opinion as to whether the defendant was intoxicated.

. ■ This ruling was one of the grounds of the order allowing the motion for a new trial and was erroneous, as the plaintiff concedes: *State v. Rand,* 166 Or 396, 401-402, 111 P2d 82, 112 P2d 1034. Considered by itself the ruling was not a matter about which the defendant was entitled to complain, but the ruling did not come in response to an objection of the defendant on that ground and was accompanied by a statement by the court that it would not permit either party to ask a witness whether, in the witness' opinion, the defendant was intoxicated. As a result, counsel for the defendant was precluded from asking this question of the plaintiff and of another passenger in the car, both of whom, the record shows, might have been reasonably expected to give an answer favorable to the defendant.

We think the error was such as to have warranted the court in granting a new trial.

Another ground of the motion was the admission of certain evidence. It appears that the three occupants of the automobile were taken to the hospital after the accident and that Joseph Brown, father of the

plaintiff, went to the hospital to see his son shortly thereafter. His son was in the emergency room, as were the defendant and the wife of the defendant. We quote from Mr. Brown's testimony:

"Q  And was Mr. Bryant conscious?

"A  He was moaning and he wanted to go home —he'd do it like that (indicating), 'I am going home. I am going home.'

"Q  Did Mrs. Bryant say—

"MR. CREW: Just a minute, now, I object, your Honor.

"THE COURT: This would appear to call for hearsay testimony.

"Q  (By Mr. Walker) Did Mrs. Bryant say something in the presence of Mr. Bryant?

"A  Yes, she did.

"Q  What did she say to him?

"A  She told him to shut up—'You know you about drunk.'

"Q  What did you say?

"A  I told her—'You better shut up because they might put him in jail.' "

■ Under the rule of evidence recognized by ORS 41.900 (3)① the failure of a party to deny an assertion adverse to his known rights or interests may, under certain circumstances (see *Patty v. Salem Flouring Mills Co.*, 53 Or 350, 353, 96 P 1106, 98 P 521, 100 P 298), be found to be a tacit admission of the truth of the statement, and testimony as to such conduct may be received as an exception to the hearsay rule. To a considerable degree the question of the admissibility of such evidence is addressed to the sound discretion

---

① "A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto."

of the trial judge: *Klever v. Elliott et al,* 212 Or 490, 495, 320 P2d 263, 70 ALR2d 1094; though the circumstances may be such that its admission would be error: *Johnson v. Underwood et al,* 102 Or 680, 203 P 879. We need explore the subject no further in this case, because there is no evidence as to the conduct of the defendant after the statement of Mrs. Bryant to which the witness Joseph Brown testified. Neither he nor any other witness was asked what the defendant said in reply to Mrs. Bryant's statement or whether he said anything. Joseph Brown was asked what he himself said and he answered that question. There the matter rested.

In previous cases we have approved the following statement taken from 22 CJ 325-326, Evidence § 362:

> "Silence or acquiescence is a species of evidence to be received with caution; and proof of a statement made in the presence of the party should be stricken out if it is not followed by proof of the party's conduct on the occasion."[2]

See *Klever v. Elliott et al,* supra, 212 Or at 494; *Johnson v. Underwood et al,* supra, 102 Or at 696.

■ Regardless, therefore, of other reasons assigned by the trial judge, or those advanced by counsel for defendant in argument, admission of the testimony was error because there is no evidence that the defendant acquiesced in his wife's asserted accusation. The error was valid ground for the order granting a new trial.

■ The defendant in his brief has assigned error to the court's denial of his motion for a judgment notwithstanding the verdict. Without indicating any

---

[2] In 31A CJS 760, Evidence § 296, the latter part of the CJ text is changed to read: "and it is essential that the fact of silence or acquiescence be established prior to the admission of the statement."

opinion as to the strength or weakness of the plaintiff's case, we think there is some evidence that the defendant was intoxicated and that his intoxication was the cause of the plaintiff's injury. The question was one for the jury and the motion for judgment notwithstanding the verdict was properly denied.

The order granting a new trial is affirmed.