JOHN FRANK WILLIAMS *v.* STATE OF MARYLAND

[No. 317, September Term, 1967.]

*Decided June 10, 1968.*

344

The cause was argued before Murphy, C. J., and Anderson, Morton, Orth, and Thompson, JJ.

*Irving B. Klitzner* for appellant.

*Bernard L. Silbert, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Howard L. Cardin, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

Orth, J., delivered the opinion of the Court.

The appellant was found guilty of breaking a warehouse with intent to steal goods of the value of $100 and upwards and peddling without a license at a court trial in the Criminal Court of Baltimore. He was sentenced to imprisonment for a term of 3 years on the warehouse breaking conviction. A fine of $25 imposed on the offense of peddling without a license was suspended.

There was evidence adduced at the trial that the warehouse of The Perfect Garment Co., Inc., a Maryland Corporation, was protected by "an ADT service" system whereby when the building was secured for the night an "all clear signal" was received if all doors and windows were securely locked and "the relay switch to the central office (of the protective service) * * * cleared." The building was so secured and the switch cleared about 7:30 P.M. on 12 September 1967 when the general manager, charged with locking up the building, left the premises. About 12:30 A.M. the next morning he received a call from the protection service that a "disconnect signal" had been received. He went to the building and entered it with a police officer. A window in the shipping department on the third floor, which had been closed and locked when he left the building, had been forcibly opened. Skirts and women's slacks, belonging to the corporation, of the value of approximately $400, were missing.

About 1:40 P.M. on 13 September two police officers, in uniform, saw the appellant and another youth, Darrell W. Fedd,

standing on a sidewalk in the 1500 block of Ashland Avenue in Baltimore City. Fedd had two shopping bags and the appellant had one. The appellant was engaged in conversation with a woman "who was handling" a skirt. The officers accosted them and the woman said that she was going to buy the skirt. One of the officers, Frank Grunder, asked the appellant if he had a "Trader's license" and the appellant said that he did not have one and did not know that he had to have one. He was arrested for selling on the street without a license. The shopping bag he was carrying was examined and found to contain a number of skirts. Fedd was also arrested and the bags he was carrying also contained skirts. The officers advised the appellant and Fedd of their "rights as to counsel, the right to remain silent, anything that they said could be used against them, the whole routine." The appellant would not say where he got the skirts but Fedd said they had obtained them from a group of boys who were taking the garments out of a big brown packing box. The police went to the place where Fedd said they had obtained the garments but neither the boys nor the box was there. The skirts which had been in the possession of the appellant and Fedd were identified as the property of The Perfect Garment Co., Inc. and as a part of the goods taken from its warehouse. Fedd told the officers where the rest of the goods was located and it was seized under the authority of a search warrant. No evidence was proffered in behalf of the appellant.

The appellant contends that his arrest was illegal and that the goods seized from him incident to the arrest were improperly admitted in evidence. It is settled law that an officer may arrest without a warrant for any misdemeanor committed or being committed in his presence by the arrestee. *Shelton v. State,* 3 Md. App. 394, 398; *Scott v. State,* 1 Md. App. 481, 492. The question is whether, in the circumstances of the instant case, a misdemeanor was committed or was being committed in the officer's presence. Md. Code (1968 Replacement Volume), Art. 56, § 21, title "Licenses," sub-title "Hawkers and Peddlers," provides in relevant part:

"No hawker or peddler shall * * * offer to trade, barter or sell within the State any goods * * * until he shall have first taken out a license for that purpose."

A foot peddler shall have the license in his possession at all times "and display the same upon demand of any uniformed officer of the law," § 23. Any hawker or peddler found "buying, trading, bartering or selling, or offering to buy, trade, barter or sell any goods, wares or merchandise without having his license with him at the time, or who shall refuse on the request of any sheriff or constable to show his license, shall be considered as selling without a license," § 27. The penalty for committing the offense is a fine not exceeding $100 nor less than $25, to be recovered as other fines are recovered, § 26.[1] Md. Code (1965 Repl. Vol.), Art. 38, § 1, provides *inter alia*:

> "When any fine or penalty is imposed by any act of Assembly of this State * * * for the doing of any act forbidden to be done by such act * * * or for omitting to do any act required to be done by such act * * *, the doing of such act or the omission to do such act shall be deemed a criminal offense; such offense in the City of Baltimore shall be prosecuted by the arrest of the offender for such offense and by holding him to appear in or committing him for trial in the Criminal Court of Baltimore, which said court shall have jurisdiction in the said cases and shall proceed to try or dispose of the same in the same manner as other criminal cases may be tried or proceeded with or disposed of, or such offenses may be prosecuted by indictment in such court; * * *."[2]

---

1. However by Md. Code (1966 Repl. Vol.), Art. 26, § 113 in all cases where the law prescribing a punishment for crime fixes a maximum and a minimum penalty therefor, the judges of the Municipal Court may, in lieu of the minimum penalty so prescribed, impose a lesser penalty of the same character.

2. The Municipal Court of Baltimore City, by Chapter 644, Acts 1965, codified as Md. Code (1966 Repl. Vol.), Art. 26, § 109 (a) (75) has original and exclusive jurisdiction over offenses under Art. 56, sections 21, 22 and 23 (hawkers and peddlers) except as set forth in § 109 (c) (1)-(5). In the instant case the Municipal Court of Baltimore City waived jurisdiction to the Criminal Court of Baltimore pursuant to § 109 (c) (4).

See also Md. Code (1968 Repl. Vol.), Art. 52, § 13a. Peddling without a license is, therefore, a criminal offense. Not being a felony at common law and not so declared by statute, the offense is a misdemeanor. *Fabian v. State,* 3 Md. App. 270, 282. We think the misdemeanor was committed in the presence of the arresting officer. When the officer first approached, the appellant was engaged in conversation with a woman who had a skirt in her hands. "She gave it back to Mr. Williams, and Mr. Williams gave it back to her." The officer asked them what was going on and the woman said that she was going to buy the garment from the appellant. Upon being asked if he had a license, the appellant said that he did not.[3] See *Morgan v. State,* 2 Md. App. 440; *David v. State,* 1 Md. App. 666. We feel that it is clear that the officer had reason to believe that the appellant was a "foot peddler,"[4] that he was offering to barter or sell goods and that he did not have a license with him at the time. Thus, within the senses of the officer, a misdemeanor was committed in his presence and the arrest of the appellant was lawful.[5] The arrest being lawful, the officer had

---

3. By Code, supra, Art. 56, § 23, as hereinbefore noted, a "foot peddler" must have the license in his possession at all times and display it "upon demand of any uniformed officer of the law."

4. Hawkers and peddlers are those "who go about seeking sales and deliveries of articles to possible customers. Moving or itinerant trading, sales negotiated along the way, with simultaneous deliveries, are essentials. The mode of travel is not important." *Brown v. State,* 177 Md. 321, 325-326. It is clearly stated in *Brown* that the statute makes it unlawful and punishable to trade, barter or sell, or to offer to trade, barter or sell without a license.

5. We think it clear that the officer had the power to arrest for this offense committed in his presence. In addition to the general power to arrest, Code, supra, Art. 38, § 1 provides that such an offense in the City of Baltimore shall be prosecuted by the arrest of the offender. Code, supra, Art. 56, § 25, provides that a hawker or peddler committing the offense may be apprehended by any sheriff or constable within their respective bailiwicks, and it shall be their duty to apprehend him. See also Md. Code (1966 Repl. Vol.), Art. 20, § 22. *Laws of The State of Maryland,* 1966, Chapter 203, § 528a provides that all police officers of the Police Department of Baltimore City shall be peace officers and shall have the same powers, with respect to criminal matters, and the enforce-

the right to conduct a contemporaneous search incident thereto, both of the person of the arrestee, and of the property under his immediate control. *Shelton v. State, supra,* at 398. The search being valid, the articles seized were properly admitted in evidence. *Dixon v. State,* 1 Md. App. 623, 626.

The appellant also contends that the evidence was not sufficient to sustain the convictions. With regard to the offense of breaking the warehouse with intent to steal goods of the value of $100 and upwards, the *corpus delicti* was proved. The criminal agency of the appellant was shown by his unexplained possession of the recently stolen goods. *Chittum v. State,* 1 Md. App. 205, 209. The trial judge was under no obligation to believe the explanations Fedd made to the officer. With regard to the offense of peddling without a license, the appellant admitted to the officer that he had no license. We cannot say that the trial judge was clearly erroneous in finding that the appellant was offering to barter or sell goods without a license on the evidence before him.[6] Md. Rule, 1086; *Trout v. State,* 3 Md. App. 259, 262.

*Judgments affirmed.*

---

ment of laws related thereto, as sheriffs, constables, police and peace officers possessed at common law and have in their respective jurisdictions.

6. The appellant complains that the testimony with respect to the woman saying she was going to buy the skirt was hearsay. We think it was part of the transaction and admissible as *res gestae*. "The test as to whether a declaration or act offered in evidence is part of the *res gestae* is whether it was contemporaneous with the commission of the crime and so connected with it as to illustrate its character." *Van v. State,* 1 Md. App. 347, 352, quoting from *Wilson v. State,* 181 Md. 1, 3-4. See *Frey v. State,* 3 Md. App. 38. The appellant also urges that he did not have to say anything when the woman made the statement and no inferences against him can be drawn therefrom. If a statement is made by another person in the presence of the defendant, then not in custody, containing assertions of fact which, if true, the defendant would under all circumstances naturally be expected to deny, his failure to speak is circumstantial evidence that he believed the statement to be true, and his conduct is thus receivable against him as an admission of such belief. *Barnes and Burgess v. State,* 1 Md. App. 123, 125. The appellant was not in custody when the statement was made.