Petition for review allowed September 21, argued October 11, 1971, affirmed April 26, 1972

## STATE OF OREGON, *Respondent, v.* JOSEPH ALBERT O'BRIEN, *Petitioner.*

496 P2d 191

*Bruce E. Smith,* Eugene, argued the cause and filed the briefs for petitioner.

*John W. Osburn,* Assistant Attorney General, Salem, argued the cause for respondent. On the brief were Lee Johnson, Attorney General, Jacob B. Tanzer, Solicitor General, and Ted E. Barbera, Assistant Attorney General, Salem.

HOWELL, J.

Defendant's conviction of illegal possession of narcotics was affirmed by the Court of Appeals. 6 Or App 34, 485 P2d 434, 486 P2d 592 (1971). We granted defendant's petition for review.

The defendant contends: (1) the trial court erred in admitting testimony which constituted hearsay; (2) the court erred in admitting evidence of another offense; and (3) the evidence did not support a finding of guilt.

The evidence disclosed that Russell Edmonds went to the New World Coffee House in Eugene, Oregon, where he joined Arthur Koivisto, Judy Freeman and the defendant, Joseph O'Brien. Shortly thereafter a fifth person, Joe Lyda, joined the group. The five left the Coffee House in Miss Freeman's auto and drove to the corner of 14th and High streets. On the

way the group discussed the purchase of marihuana, but there was no evidence that the defendant entered into the discussion at this time. Lyda left the car and returned in approximately 10 minutes. He had with him a brown paper sack from which he removed a half-opened cigarette package containing 12 hand-rolled cigarettes. Lyda sold five of the cigarettes to Koivisto for five dollars and six cigarettes to Edmonds for six dollars. Lyda retained the 12th cigarette. The cigarettes purchased by Edmonds were identified at the trial as being marihuana cigarettes.

Edmonds testified that after selling the cigarettes, Lyda passed the paper sack to Koivisto and to the defendant, stating that the bag contained "some twigs of stems and seeds" from his last purchase of marihuana. He offered to sell the bag for one dollar. After looking into the bag, the defendant purchased the contents for one dollar. The bag was not produced at the trial, and the witnesses for the state, Miss Freeman and Edmonds, did not see the contents of the bag.

Edmonds testified that at a later date the defendant told him that he had taken the "material" that was in the bag, chopped it finer, and sold it for five dollars.

■ The defendant's principal assignment of error relates to the admissibility of Edmonds' testimony about Lyda's statement when he sold the contents of the bag to the defendant. (The record shows that Lyda was "currently under indictment and fleeing somewhere.") Edmonds testified:

"Mr. Lyda mentioned the fact that the sack contained some twigs of stems and seeds from which the shipment, the last purchase of his mari-

juana that he had bought to make the cigarettes, was contained in the paper sack, and that it was for sale for a dollar, and he said that there was approximately a match box full of twigs and stubble in the sack."

And later:

"And it is your recollection of Mr. Lyda's statement that the material in the sack were the twig stems and seeds from the marijuana out of which the cigarettes were made?
"Yes, sir."

Defendant objected to this testimony as hearsay. The trial court and the Court of Appeals found that the above testimony was admissible as an exception to the hearsay rule under ORS 41.900 (3), which provides that evidence may be given of:

"A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto."

The statute, which was enacted in 1862, constitutes an exception to the hearsay rule and is based on the rationale that silence or omission to act may, under certain circumstances, constitute an implied admission. *Brown v. Bryant,* 244 Or 321, 417 P2d 1002 (1966); 1 Greenleaf on Evidence 330, § 197 (16th ed 1899).

■ Whether the circumstances are such that the trier of fact may reasonably find a party's conduct to be relevant to a fact in issue is a preliminary question for the court. Silence or acquiescence in relation to statements made by others is a species of evidence to be received with caution. *Brown v. Bryant,* supra at 325; *Klever v. Elliott et al,* 212 Or 490, 320 P2d 263, 70 ALR2d 1094 (1958); *Johnson v. Underwood et al,* 102 Or 680, 203 P 879 (1922).

In support of his position that the statement by Lyda was inadmissible, the defendant asserts that (1) the declarant's statements must be accusatory in nature before they are admissible; (2) the statute does not apply to evidence of the conduct of the defendant in relation to the statements of the declarant; and (3) a person must have sufficient knowledge of the facts in the assertion before his silence may constitute an admission and that he had no knowledge of the truth or falsity of Lyda's statement.

It is true that in most instances in criminal cases the statements of the declarant are accusatory in nature. 2 Underhill, Criminal Evidence 937-941, § 378 (5th ed 1956); 2 Wharton's Criminal Evidence 153-157, § 405 (12th ed 1955).

However, previous decisions of this court have not restricted the application of the evidentiary rule embodied in ORS 41.900(3) to instances in which the statement was accusatory or incriminatory in nature. *Ross v. Hayes,* 176 Or 225, 229-230, 157 P2d 517, 158 ALR 452 (1945) (statement by the wife of defendant prior to an auto accident that she wished that the defendant would not pass the truck); *Swain v. Oregon Motor Stages,* 160 Or 1, 3, 82 P2d 1084, 118 ALR 1225 (1938) (statement by the wife of plaintiff following an accident involving an auto and the defendant's bus that "it wasn't the bus driver's fault"); *State v. La-Plant,* 149 Or 615, 623, 42 P2d 158 (1935) (statement by a participant in a robbery that "it was fast work that they [the two robbers] didn't think they [police] would find it [the get-away car] quite so soon"); *Stowell v. Hall,* 56 Or 256, 258-61, 108 P 182 (1910) (statement by a boy "that is the number of your automobile" and a statement by a woman that "it was a

little before 12, wasn't it?"). In each of the above instances, the declaration was found admissible under ORS 41.900(3).①

In the instant case, the statement by Lyda to the defendant that "the paper sack contained twigs of stems and seeds from his last purchase of marihuana" is not accusatory or incriminatory. However, it does contain an assertion of fact, i.e., the sack contained marihuana. As such, the statement is within the purview of ORS 41.900(3).

■ While in general a party may be expected to reply to an unfounded or false accusation and speak out and lay the falsehood to rest, the rule and the statute are not restricted to verbal denials of the party to the statement of another. The statute speaks clearly when it allows evidence of the conduct of the party in relation to the "act or declaration" of another. The conduct of the party may be his silence in relation to the act or declaration of another, or it may take another form as in this case when the defendant, after Lyda's statement that the bag contained twigs of stems and seeds from his last purchase of marihuana, looked in the bag and paid one dollar for its contents. The statement occurred in the course of a sale and purchase, and therefore relates to defendant's pecuniary interest. *See Williams v. State*, 4 Md App 342, 242 A2d 813 (1968). This being the case, if the statement were untrue, a person contemplating the

---

① The majority of cases which have applied ORS 41.900(3) have been civil actions. However, there exists no basis for applying the statute differently in criminal cases as distinguished from civil cases. 22A CJS 1068, Criminal Law, § 734(1)(a). Also, ORS 136.510 states that the rules of evidence in civil actions are to apply to criminal cases, except as otherwise specially provided. No other statute specifically limits the application of ORS 41.900(3).

purchase would either expose the falsehood or not make the purchase. Defendant did neither. Instead, he purchased the sack which Lyda represented as containing marihuana. The defendant's purchase of the contents of the bag was conduct which demonstrated his agreement with Lyda's statement that the bag contained marihuana. As such, Lyda's declaration and defendant's failure to speak was circumstantial evidence that the defendant believed Lyda's statement to be true; thus the evidence was admissible as an exception to the hearsay rule.[②]

Defendant asserts that he lacked sufficient knowledge to know whether the statement by Lyda was in fact true, and therefore his silence should not be construed as assenting to the statement. We are not concerned merely with defendant's failure to speak, but also with his act of purchasing the contents of the sack. It is sufficient to dispose of defendant's contention by pointing out that he possessed enough information to warrant purchasing the contents of the sack.

■ The defendant also contends that the court erred in admitting testimony from Edmonds that the defendant subsequently told him that he had sold the material in the bag for five dollars. Edmonds stated:

"He [defendant] said that he had taken the material and chopped it up with a knife or somehow made the material finer and put it in a match box and he sold it to someone for five dollars."

---

[②] The defendant relies on State v. Christensen, 3 Or App 442, 474 P2d 782 (1970), in support of his argument that Edmonds' testimony regarding Lyda's statements is hearsay. The case is not applicable. There, the statements of the declarant were made out of the presence of the defendant and were clearly hearsay. In the instant case the statements were made in the presence of and to the defendant.

The defendant's statement was in reference to the material he had purchased from Lyda for one dollar and was clearly relevant to the question of defendant's possession of marihuana at the time of the incident charged in the indictment. The court did not err in receiving this testimony.

■ Lastly, defendant contends that absent the testimony of Edmonds that Lyda stated the bag contained marihuana and that he sold it to defendant for one dollar, there was no evidence that defendant possessed the prohibited drug, marihuana, or that he had a usable quantity in his possession. We have decided that the evidence of Lyda's statement was admissible as an exception to the hearsay rule. The evidence disclosed that defendant purchased "twigs of stems and seeds." The evidence also disclosed that the cigarettes identified as marihuana were loosely packed so that their contents spilled easily. It is a reasonable inference that some of this marihuana spilled into the bag and was included with the stems and seeds. Moreover, the seeds from the marihuana taken from the cigarettes sold were shown by chemical analysis to be mature and strongly positive. The evidence was sufficient to support a finding that defendant possessed the drug marihuana.

We also agree with the conclusion of the Court of Appeals that the record disclosed the defendant possessed a usable quantity of marihuana. One marihuana cigarette apparently was worth one dollar, and one cigarette is usable. The defendant paid one dollar for the contents of the sack and, after cutting it up, sold it again for five dollars. After such purchase and sale, the defendant is in no position to argue that the quantity involved was not usable.

There was ample evidence to support the trial court's finding of guilt.

Affirmed.

BRYSON, J., specially concurring.

I would not have accepted review in this case. The principal assignment of error relates to Edmonds' testimony regarding what Lyda said when the defendant and all others were present in the car and within the hearing of each other. Defendant contends this testimony by Edmonds was hearsay and, therefore, inadmissible. Edmonds testified as follows:

> "Mr. Lyda mentioned the fact that the sack contained some twigs of stems and seeds from which the shipment, the last purchase of his marijuana that he had bought to make the cigarettes, was contained in the paper sack, and that it 'was for sale for a dollar, and he said that there was approximately a match box full of twigs and stubble in the sack.",

and later:

> "Q   And it is your recollection of Mr. Lyda's statement that the material in the sack were the twig stems and seeds from the marijuana out of which the cigarettes were made?
> "A   Yes, sir."

The court, sitting without a jury, found the defendant guilty. In essence, the Court of Appeals held that the above testimony "was relevant as a circumstance tending, together with those described * * * to establish defendant's belief that it was marijuana and his intent to buy it when, simultaneously with his examining what was in it, he paid $1 for the paper sack and its contents." At the time of trial the defendant objected to the testimony but made no motion to

establish or limit the purpose for which the statement was offered.

While the Court of Appeals opinion does not make mention of it, an examination of the transcript shows that the defendant did not take the witness stand and no evidence was offered to refute any of the above-quoted testimony.

The petitioner argues, "when Mr. Lyda made the assertion in question, the Defendant had no reason to believe that such was adverse to his interests. Under the circumstances, the Defendant had no reason to respond to this assertion * * *." This, alone, does not render the testimony hearsay. I do not believe the error, if any, had any bearing on the result reached by the trial court sitting without a jury. I concur in the result of the majority opinion.

DENECKE, J., specially concurring.

I concur with the majority decision that Edmonds' testimony of an out-of-court statement by Lyda was admissible. I specially concur because my reasoning for holding it admissible may be different than that used by the majority.

The majority of the Court of Appeals held that the testimony of Edmonds of Lyda's statement was admissible "as an exception to the hearsay rule under ORS 41.900(3)."

ORS 41.900(3) provides:

"Evidence may be given of the following facts:
"* * * * *
"(3) A declaration or act of another, in the presence and within the observation of a party, and his conduct in relation thereto."

This court has relied upon this statute on many occasions. We have consistently interpreted it as follows:

"This enactment recognizes a well-established rule of evidence, which is to the effect that when a declaration is made in the presence and hearing of a party, who understands the full import thereof and is at liberty to reply thereto, and the utterance is made by such a person and under such circumstances as naturally to call for an answer, a failure to deny an assertion that is adverse to the known rights or interests of such party is tantamount to an implied admission of the truth of the affirmation: * * *." *Patty v. Salem Flouring Mills Co.,* 53 Or 350, 353, 96 P 1106, 98 P 521, 100 P 298 (1909).

In some of our cases there is doubt whether the statement was made under circumstances "naturally * * * call[ing] for an answer." For example, *Ross v. Hayes,* 176 Or 225, 229-230, 235-236, 157 P2d 517, 158 ALR 452 (1945). However, in those cases the court proceeded upon the theory that it was a statement that called for a denial if the party did not believe the statement to be true.

Lyda's statement that the bag contained some twigs and stems of marijuana and he would sell the bag for $1.00 did not "naturally * * * call for an answer" by the defendant. Nothing in the surrounding circumstances indicates that the defendant's failure to deny Lyda's statement evidenced any adoption of his statement. For this reason, ORS 41.900(3), as previously interpreted by this court, does not authorize the admission of Edmonds' testimony of Lyda's declaration.

ORS 41.900(3) construed literally would support the admission of the testimony. The statute has no express requirement that the declaration of another

in the presence and observation of the defendant be of the kind that "naturally * * * call[s] for an answer." The statute literally provides that any declaration made in the defendant's presence is admissible. This literal interpretation, however, has found no support in our decisions and has been rejected by the writers. 4 Wigmore, Evidence (3d ed), 71, § 1071; 1 Greenleaf, Evidence (Redfield's ed), 225, n 3. The criticism is sound and based upon the proposition that merely because an out-of-court statement is made in the defendant's presence does not make it any more trustworthy than other out-of-court statements.

In *State v. Goodin,* 8 Or App 15, 492 P2d 287 (1971), the Court of Appeals may have intended to hold that an out-of-court statement is admissible merely because it is made in the presence of the defendant. If that was the court's intention, it did not correctly state the law.[1]

I do not find it necessary to decide whether ORS 41.900(3) should be extended beyond its past interpretation to hold Edmonds' testimony admissible. I am of the opinion that Edmonds' testimony is admissible under the common-law rules of evidence. It is admissible because it explains the defendant's subsequent conduct which was admissible, that is, his purchasing the bag and its contents for $1.00 and later chopping up the contents and selling them for $5.00.

I do not regard Lyda's out-of-court statement as hearsay because it is admissible, not as evidence of the truth of its assertion, but as giving meaning to the defendant's responsive conduct. This is the reason

---

[1] The witness's testimony, however, in that case was admissible for another reason.

why out-of-court statements in the "admission by silence cases" are admissible. McCormick states:

> "Obviously, proof of the party's conduct requires proof of the statement itself to which he has thus reacted. The statement technically avoids the hearsay objection, since it is not offered as evidence of the truth of its assertions, but merely as giving meaning to the defendant's silence or evasive response. * * *." McCormick, Evidence, 529, § 247 (1954).

Professor Maguire agrees, stating: "Yet we are not admitting B's [Edmonds' testimony of what Lyda said] hearsay, but rather A's [defendant's] reflection thereof. This is fundamental and usually, though not invariably, recognized." John M. Maguire, *Adoptive Admissions in Massachusetts,* 14 Mass L Q 62, 65 (1929).

To illustrate this difficult concept of the hearsay problem, — assume the witness testified that the declarant stated in the presence of the defendant that defendant was going too fast and the defendant was silent; assume the circumstances were such that if the defendant had not been going too fast he would have denied the declaration. The evidence is admissible. The declarant's statement is not proof that the defendant was going too fast. The evidence that defendant was going too fast is his silence in response to the declarant's statement. Admittedly, there is a danger that the trier of fact may accept the statement itself as evidence of the fact asserted; nevertheless, weighing the factors of probity against prejudice, the courts hold the declaration is admissible. McCormick, supra, at 529.

In the instant case, Lyda's declaration that the bag contained the leftovers from the marijuana cig-

arettes and that he would sell the bag for $1.00 is not competent evidence that the bag actually contained marijuana. That evidence is the defendant's responsive conduct, that is, his looking in the bag, his purchase, his chopping up the residue and his sale for $5.00. It is immaterial whether Lyda's statement is true or false. The defendant's responsive conduct is evidence of his opinion that the bag did contain marijuana and that is competent, sufficient evidence that the bag did contain marijuana.

O'CONNELL, C.J., joins in this specially concurring opinion.